UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-620 JVS(JDEx) | Date | June 18, 2018 |
| Title | Glaukos Corp. v. Ivantis, Inc. | | |

Present: The Honorable  James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS)   Order VACATING Defendants' Motion to Dismiss**

    Defendant Ivantis, Inc. ("Ivantis") filed a motion to dismiss Plaintiff Glaukos Corporation's ("Glaukos") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Mot., Docket No. 21.)  In the alternative, Ivantis requests that the Court treat its motion as a motion for summary judgment pursuant to Rule 12(d). Glaukos filed an opposition.  (Opp'n, Docket No. 26.)  Ivantis replied. (Reply, Docket No. 30.)

    Ivantis argues that Glaukos's infringement claim is barred by the safe harbor provision of 35 U.S.C. § 271(e)(1).  The section provides that "[i]t shall not be an act of infringement to make, use, offer to sell, or sell within the United States or import into the United States a patented invention . . . solely for uses reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use, or sale of drugs or veterinary biological products." 35 U.S.C. § 271(e)(1).  Glaukos alleges that "Ivantis is currently supplying the Hydrus to physicians in Australia and New Zealand for commercial purposes not reasonably related to the development and submission of information to the U.S. Food and Drug Administration (FDA)," thereby defeating the the safe harbor's protections.  (Compl., Docket No. 1 ¶ 2.) However, Ivantis argues that it does not actually supply its product, the Hydrus, for commercial purposes.  (Mot., Docket No. 22 at 6.)

    In support of its motion, Ivantis filed the declaration of Kenneth Galt ("Galt"), its Vice President of Research & Development.  (See Galt Decl., Docket No. 23.)  Pursuant to Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  In his declaration, Galt states that "Ivantis

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-620 JVS(JDEx) | Date | June 18, 2018 |
| Title | Glaukos Corp. v. Ivantis, Inc. | | |

has supplied the Hydrus, free of charge, to various clinical sites outside the United States, including in Australia and new Zealand. In exchange for the Hydrus, physicians at these clinical sites provide the resulting clinical data to [Ivantis's data registry]." (Id. ¶ 12.) He also states that "[t]o date, Ivantis also has not commercially distributed the Hydrus® Microstent anywhere in the world." (Id.¶ 14.) Finally, Galt notes that "[w]hile an Australian subsidiary of Ivantis is preparing to commercially launch the Hydrus® Microstent in Autralia, the stents to be used for commercial launch will be manufactured and assembled entirely outside of the United States and sold in Australia by the affiliates." (Id.)

The Galt declaration provides sufficiently plausible evidence that Ivantis does not supply the Hydrus to physicians in Australia and New Zealand for commercial purposes.[1] The Court therefore grants Glaukos's request for leave to seek discovery to respond. (See Opp'n, Docket No. 26 at 9.) The Court grants the parties sixty (60) days to conduct discovery on whether Ivantis's activity falls within § 271(e)(1)'s safe harbor. The Court VACATES the current motion to dismiss (Docket No. 21). Ivantis shall file a renewed motion by August 20, 2018. The Court finds that oral argument would not be helpful on this matter, so it removes the June 25, 2018 hearing from the Court's calendar. Fed. R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

: 00

Initials of Preparer    kjt

---

[1] Glaukos argues that, for several reasons, the Galt declaration fails to establish that Ivantis's activities are protected by the safe harbor. (See Opp'n, Docket No. 26 at 11–16.) The Court declines to consider those arguments before the parties take discovery.