ARNOLD & PORTER KAYE SCHOLER LLP
John Ulin (SBN 165524)
john.ulin@arnoldporter.com
777 South Figueroa St, 44th Floor
Los Angeles, CA 90017-5844
Telephone:  1.213.243.4228
Facsimile:   1.213.243.4199

ARNOLD & PORTER KAYE SCHOLER LLP
Matthew Wolf (*admitted pro hac vice*)
matthew.wolf@arnoldporter.com
John Nilsson (*admitted pro hac vice*)
john.nilsson@arnoldporter.com
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Telephone:  1.202.942.5000
Facsimile:   1.202.942.5999

*Attorneys for Defendant*
*IVANTIS, INC*.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| GLAUKOS CORPORATION, a Delaware Corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>IVANTIS, INC., a Delaware corporation,<br><br>    Defendant. | Civil Action No. 8:18-cv-00620-JVS (JDEx)<br><br>**EX PARTE APPLICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

PLEASE TAKE NOTICE that Defendant Ivantis, Inc. ("Ivantis") hereby applies for *ex parte* relief seeking confirmation that the Scheduling Conference, which was previously set for July 23, 2018 (Dkt. No. 20), has been vacated and will be rescheduled, if at all, after expiration of the 60-day period for limited discovery authorized by the Court's June 18, 2018 Order Vacating Defendants' Motion to Dismiss (Dkt. No. 31). Ivantis also requests confirmation that the Court intended to defer full discovery until the end of the 60-day limited discovery period as well. As set out in the accompanying declaration of counsel, prior to filing this *ex parte* application, and in compliance with Local Rule 7-19.1, Ivantis has given notice of this *ex parte* application, the relief sought, and the bases for such relief, to counsel for Plaintiff Glaukos Corporation ("Glaukos"). In communications occurring on June 26-28, 2018, Ivantis explained that the most sensible reading of the June 18 Order is that the Court's decision to authorize 60 days for limited discovery into whether Ivantis's activities fell within the safe harbor established by 35 U.S.C. § 271(e)(1) indicates that it did not intend for the case to proceed otherwise or for full discovery to commence at least until after the expiration of that 60-day limited discovery period. Ivantis thus believes that the June 18 Order effectively vacated the Rule 26 scheduling conference (and, as a result, the Rule 26(f) conference of counsel), which falls early in the 60-day limited discovery period. Ivantis's efforts to come to a joint understanding with Glaukos were unsuccessful. Glaukos's counsel has advised counsel for Ivantis that Glaukos will oppose the relief requested and that it seeks to proceed with the Rule 26(f) conference.

Ivantis seeks *ex parte* relief as Ivantis will suffer irreparable prejudice if it is required to respond to unlimited merits discovery during the 60-day time period that the Court set for limited discovery on the safe harbor issue, an issue that should prove dispositive if Glaukos is unable to discover evidence that contradicts the declaration Ivantis submitted in support of its motion to dismiss.

Ivantis bases this *ex parte* request upon this application and accompanying memorandum of points and authorities as well as the concurrently filed Declaration of John Ulin and exhibits thereto.  In addition, this Application is based on all records and files in this action, any argument that may be requested or permitted by the Court, and all other matters that this Court deems just and proper.

Dated:  June 28, 2018                    ARNOLD & PORTER KAYE SCHOLER LLP


By: _____*/s/ John Ulin*_____
      JOHN ULIN
      JOHN NILSSON
      MATTHEW WOLF

      Attorneys for Defendant
      IVANTIS, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On June 18, 2018, the Court entered an order vacating Defendant's motion to dismiss. Dkt. No. 31 (the "Motion to Dismiss Order"). In that Order, the Court granted Defendant Glaukos Corporation ("Glaukos") "sixty (60) days to conduct discovery on whether Ivantis's activities fall within § 271(e)(1)'s safe harbor." *Id*. at 2. This 60-day limited discovery period ends on August 17—after the dates of the Rule 26 scheduling conference and Rule 26(f) meeting of counsel previously set by the Court. *See* Dkt. No. 20. To move forward with those events would trigger full discovery and vitiate the purpose of the 60 days of limited discovery: to provide Glaukos with a limited window within which to discover evidence sufficient to contradict Ivantis's declaration in support of its safe harbor defense and to justify allowing this case to proceed to full discovery and development of the merits.

## II. ARGUMENT

Ivantis respectfully seeks confirmation that the Court's June 18, 2018 order regarding Ivantis's motion to dismiss effectively vacated the previously scheduled Rule 26 Conference and eliminated any obligations the parties may have had to confer and to make disclosures, pursuant to Fed. R. Civ. P. 26(f).

On May 21, 2018, Ivantis moved to dismiss Glaukos's complaint. *See* Dkt. No. 21. In its motion, Ivantis argued that Glaukos's claim for patent infringement fails because of "the safe harbor provision of 35 U.S.C. § 271(e)(1)." *See* Dkt. No. 31 at 1. Finding the evidentiary declaration submitted by Ivantis to be "sufficiently plausible," the Court on June 18, 2018 granted "the parties sixty (60) days to conduct discovery on whether Ivantis's activity falls within § 271(e)(1)'s safe harbor." *Id.* That 60-day period runs through August 17, 2018, after which Ivantis may renew its motion. *Id.*

Ivantis understands the Court's Motion to Dismiss Order to establish a narrow discovery period devoted exclusively to safe harbor issues, so as to resolve that

threshold issue and determine whether the case should proceed *before* the parties engage in broader, more burdensome discovery. Accordingly, Ivantis further understands that the Motion to Dismiss Order effectively vacates the upcoming July 23, 2018 date for the Rule 26 scheduling conference set by the Court's earlier May 14, 2018 Scheduling Order. Indeed, the May 14 Scheduling Order instructs that discovery need not proceed if "there is a likelihood that upon motion by a party the Court would order that any or all discovery is premature." Dkt. No. 14 at 2. The June 18 Order does exactly that, establishing that discovery should focus only on safe harbor issues for 60 days and that other discovery is premature because Ivantis's declaration establishes a prima facie case that the safe harbor mandates dismissal of this case unless Glaukos is able to discover evidence that contradicts the declaration and establishes disputed issues of material fact regarding the safe harbor.

Because the parties disagree about the correct reading of the Court's June 18 Order, Ivantis respectfully requests that the Court confirm that the Rule 26 Scheduling Conference is vacated and will be rescheduled, if at all, for a date after the conclusion of the 60-day limited discovery period and that the any obligation to make initial disclosures, to meet and confer regarding scheduling, or to respond to discovery beyond what the Court authorized in its June 18 Order will similarly be deferred until after the expiration of the limited discovery period.

### III. CONCLUSION

For all the foregoing reasons, Ivantis respectfully requests that the Court grant Ivantis's *ex parte* application and issue an order clarifying that the Scheduling Conference previously set for July 23, 2018 will not take place until after the expiration of the 60-day period for limited discovery, and full discovery will be delayed until at least the end of that period as well.

| | | |
|---|---|---|
| 1 | Dated: June 28, 2018 | ARNOLD & PORTER KAYE SCHOLER LLP |
| 2 | | |
| 3 | | By: _____*/s/ John Ulin*_____ |
| 4 | | JOHN ULIN |
| | | JOHN NILSSON |
| 5 | | MATTHEW WOLF |
| 6 | | |
| 7 | | Attorneys for Defendant |
| 8 | | IVANTIS, INC. |