IRELL & MANELLA LLP
Lisa S. Glasser (223406)
lglasser@irell.com
David McPhie (231520)
dmcphie@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

Morgan Chu (70446)
mchu@irell.com
Stephen Payne (310567)
spayne@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Plaintiff
GLAUKOS CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| GLAUKOS CORPORATION,<br><br>      Plaintiff,<br><br>    v.<br><br>IVANTIS, INC.,<br><br>      Defendant. | Case No. 8:18-cv-00620-JVS-JDE<br><br>**GLAUKOS CORPORATION'S OPPOSITION TO IVANTIS'S EX PARTE APPLICATION** |

As this Court's standing order states, "Ex Parte applications are for extraordinary relief only." Specifically, Ex Parte relief is proper only where "the moving party's cause will be irreparably prejudiced" and the moving party is "without fault" in creating the emergency. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492-93 (C.D. Cal. 1995). Here, there is no emergency or rush, other than the one improperly imposed upon this Court and Glaukos when Ivantis chose to file an Ex Parte application one business day before the parties' Rule 26(f) conference call (scheduled for Monday, July 2, 2018, at 10:00 a.m., *see* Ex. A).[1]

In its proposed order, Ivantis asks this Court to vacate the Scheduling Conference and Rule 26(f) deadlines, and to stay all discovery except as related to its safe harbor defense. Ivantis's request for this drastic change, on 24-hour notice, is both procedurally improper and substantively meritless.

Ivantis does not even acknowledge, and cannot satisfy, its burden to make a strong showing of good cause to modify the Rule 16 and 26 deadlines. *See* Fed. R. Civ. P. 16(b)(2) (scheduling order must issue within 90 days of service absent "good cause for delay"); Fed. R. Civ. P. 26(c) ("good cause" standard for relief from Rule 26 obligations); *Novelposter v. Javitch Canfield Grp.*, No. 13-cv-05186-WHO, 2014 WL 12618174, at *1 (N.D. Cal. May 23, 2014) ("The Federal Rules of Civil Procedure do not provide for stays of discovery simply because a motion to dismiss is pending. … The party seeking a stay must make a 'strong showing' of 'good cause' for its request."). Here, Ivantis merely asserts in passing that it will be "irreparably prejudiced," Docket No. 32 at 1, but Ivantis identifies no harm that would result from participating in ordinary case management responsibilities and discovery. Ivantis's intent is transparent – delay for the purpose of delay.

---

[1] Ivantis's application was also untimely served on Glaukos, contrary to the parties' service agreement. *See* Docket No. 32-2 at 1.

1  Good cause clearly does not exist for effectively stopping this case in its
2  tracks and vacating the Rule 16 and Rule 26 deadlines set by this Court on May 14,
3  2018 (Docket No. 20). Glaukos would be seriously prejudiced by delaying the
4  setting of a case schedule and trial date in this case against its direct competitor.
5  Ivantis has repeatedly expressed its intention of attempting to take share from
6  Glaukos in the market for the patented technology that Glaukos created. For
7  example, at its recent presentation entitled "Ivantis Preparing US
8  Commercialization," Ivantis stated that it plans to launch the infringing "Hydrus"
9  product early in the third quarter of 2018 (*i.e.*, the quarter starting next week), and
10 described the market as $164 million and growing "thanks in large part to the great
11 effort by Glaukos in building this category to date." *See* https://ois.net/ivantis-
12 preparing-us-commercialization-hydrus/ (slide presentation and audio). Glaukos has
13 invested nearly 20 years of effort, and in excess of $100 million, building from
14 scratch a market for the patented technology, and Ivantis now admittedly seeks to
15 directly compete in that market via the Hydrus product accused of infringement in
16 this case. Time is of the essence in Glaukos's ability to effectively enforce its patent
17 rights – which, of course, is why Ivantis is attempting this eleventh-hour maneuver
18 to delay progress of the case. Indeed, one of the two patents-in-suit expires in April
19 of 2020, rendering particularly acute the need to proceed as expeditiously as
20 possible.
21  Implicitly acknowledging that it cannot satisfy the good cause standard,
22 Ivantis argues that the Court's June 18 order ("Order") already "effectively vacated"
23 the scheduling conference. But the Order says nothing of the sort. Nor was any such
24 relief requested in the briefing that led to the Order. The Order merely authorized
25 Glaukos to take early (*i.e.*, before the Rule 26(f) conference) discovery regarding
26 Ivantis's purported safe harbor defense, and for Ivantis to re-file its motion within
27
28

60 days if it elects to do so.[2]  The unexceptional fact that a party may move to dismiss the complaint is not a basis to stay a case.  *See XR Commc'ns, LLC v. Ruckus Wireless, Inc.,* No. 17-cv-02961-AG-JCG, 2017 WL 6048895, at *2 (C.D. Cal. Aug. 10, 2017) (denying "emergency request to limit the scope of discovery and to vacate the scheduling conference in this case pending resolution of its motion to dismiss" and noting the importance of "prompt scheduling conferences" and discovery, "even before the Scheduling Conference and the completion of attacks on the pleadings"); *Vista del Sol Health Care Servs., Inc. v. NLRB,* No. 14-cv-02193 MMM (FFMx), 2014 WL 12631660, at *1 (C.D. Cal. May 16, 2014) ("[a]s a general matter, the court does not stay discovery or refrain from setting case management dates in cases where a motion to dismiss is pending"); *Kraft Foods Grp. Brands LLC v. TC Heartland LLC*, No. 14-28-LPS, 2015 U.S. Dist. LEXIS 188981 (D. Del. Jan. 5, 2015) ("the Court sees no persuasive reason to depart from its now-standard approach to case management, which includes adopting a scheduling order during the pendency of a motion to dismiss").

      Here, there is even less justification to stay discovery than in a typical case where a party files a motion to dismiss.  Ivantis's contemplated safe harbor motion would not be case-dispositive, even if ultimately re-filed and granted.[3]  Ivantis in its Ex Parte application ignores that the safe harbor defense relates only to the complaint's allegations of current infringement relating to sales in overseas markets, none of which would impact the rest of Glaukos's complaint. Ivantis has never argued, nor could it, that its imminent U.S. commercial sales launch addressed by the complaint's declaratory judgment claims will be shielded by the safe harbor. Under settled Federal Circuit precedent, the safe harbor thus is irrelevant to

---

[2] In accordance with the June 18 order, Glaukos has already served requests for production and an interrogatory, and intends to take further follow-up discovery.

[3] Ivantis's suggestion that the Court has judged the motion to have merit is unsupported by the Order, which specially notes that it is deferring consideration of the substantive issues until after discovery is taken.  Order at 2, n. 1 (declining to consider Glaukos's safe harbor arguments before the parties take discovery).

1  Glaukos's declaratory judgment claims. *Glaxo, Inc. v. Novopharm, Ltd.*, 110 F.3d
2  1562, 1571 (Fed. Cir. 1997) (declaratory judgment claims proper because directed to
3  activities for which "§271(e)(1) no longer provides a shelter against infringement
4  liability").  Nor would granting Ivantis's safe harbor motion narrow the scope of
5  discovery.  The very same discovery regarding, for example, the technical details of
6  the accused products, Ivantis's financials, and Ivantis's knowledge of the patents-in-
7  suit, all will need to be taken even if the Court ultimately holds that Ivantis's pre-
8  FDA approval activities regarding overseas markets are within the safe harbor.

9       Finally, based on Ivantis's public statements, including the declaration it
10 submitted in connection with its motion to dismiss acknowledging that the FDA's
11 180-day clock has been running for several months, Docket No. 23 (Galt
12 Declaration), it is likely that Ivantis will begin U.S. sales before the Court rules on
13 any renewed Ivantis motion.  This further emphasizes that the only result of vacating
14 the July 23 scheduling conference would be inefficiency and prejudice to Glaukos.

15      For the foregoing reasons, Ivantis's Ex Parte application is both procedurally
16 and substantively improper.  Further, the relief that it seeks would materially
17 prejudice Glaukos' efforts to timely enforce its patents against its direct competitor.
18 Glaukos respectfully requests that Ivantis's Ex Parte application be denied.

Dated:  June 29, 2018                        Respectfully submitted,

                                             IRELL & MANELLA LLP
                                             Morgan Chu
                                             Lisa S. Glasser
                                             David McPhie
                                             Stephen Payne

                                             By: */s/ David C. McPhie*
                                                 David C. McPhie

                                             *Attorneys for Plaintiff*
                                             *Glaukos Corporation*