KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST (SBN 84065)
rvannest@keker.com
DAVID SILBERT (SBN 173128)
dsilbert@keker.com
LEO L. LAM (SBN 181861)
llam@keker.com
AJAY S. KRISHNAN (SBN 222476)
akrishnan@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415.391.5400
Facsimile:   415.397.7188

Attorneys for Defendant
IVANTIS, INC.

ARNOLD & PORTER KAYE
SCHOLER LLP
John Ulin (SBN 165524)
john.ulin@arnoldporter.com
777 South Figueroa St, 44th Floor
Los Angeles, CA 90017-5844
Telephone:  1.213.243.4228
Facsimile:   1.213.243.4199

ARNOLD & PORTER KAYE
SCHOLER LLP
John Nilsson (*admitted pro hac vice*)
john.nilsson@arnoldporter.com
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Telephone:  1.202.942.5000
Facsimile:   1.202.942.5999

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION-SANTA ANA

| | |
|---|---|
| GLAUKOS CORPORATION, a Delaware Corporation,<br><br>                    Plaintiff,<br><br>      v.<br><br>IVANTIS, INC., a Delaware corporation,<br><br>                    Defendant. | Civil Action No. 8:18-cv-00620-JVS (JDEx)<br><br>**DEFENDANT AND COUNTERCLAIMANT IVANTIS, INC.'S FIRST AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED**<br><br>Hon. Judge James V. Selna |

Defendant Ivantis, Inc. ("Defendant" or "Ivantis") answers Plaintiff Glaukos Corporation's ("Plaintiff" or "Glaukos") Complaint for Patent Infringement, dated April 14, 2018 (Dkt. No. 1) as follows:

## NATURE OF THE ACTION

1.      Ivantis admits that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  Ivantis otherwise denies the allegations set forth in Paragraph 1 of the Complaint.

2.      Ivantis denies the allegations set forth in Paragraph 2 of the Complaint.

3.      Ivantis admits that in 2017 it announced that it had plans to commercially launch the Hydrus in 2018.  Ivantis otherwise denies the allegations set forth in Paragraph 3 of the Complaint.

4.      Ivantis denies the allegations set forth in Paragraph 4 of the Complaint.

## THE PARTIES

5.      Ivantis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint, and on that basis denies them.

6.      Ivantis admits the allegations set forth in Paragraph 6 of the Complaint.

7.      Ivantis admits that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  Unless expressly admitted, Ivantis denies the allegations set forth in Paragraph 7 of the Complaint.

8.      For purposes of this case only, Ivantis admits that this Court has personal jurisdiction over Ivantis.  Ivantis otherwise denies the allegations set forth in Paragraph 8 of the Complaint.

9.      For purposes of this case only, Ivantis admits that venue is proper in this District.  Unless expressly admitted, Ivantis denies the allegations set forth in Paragraph 9 of the Complaint.

- 1 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## GLAUKOS AND ITS PRODUCTS

10.     Ivantis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, and on that basis denies them.

11.     Ivantis admits that glaucoma is a leading cause of blindness worldwide, and that glaucoma may be caused by reduced drainage of aqueous humor from the eye.  Ivantis admits that glaucoma may be associated with an increase in intraocular pressure that may cause damage to the eye's optic nerve, resulting in vision loss or blindness.  Ivantis admits that prescription eye drops have been used to treat glaucoma, as well as surgical procedures.  Ivantis admits that laser treatments and surgical procedures have also been used to treat glaucoma.  Unless expressly admitted, Ivantis denies the allegations set forth in Paragraph 11 of the Complaint.

12.     Ivantis denies the allegations set forth in Paragraph 12 of the Complaint.

13.     Ivantis admits that the iStent may be inserted through a corneal incision during cataract surgery, and that its stated purpose is to allow fluid to drain through the iStent from the anterior chamber of the eye into Schlemm's canal.  Ivantis is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 13 of the Complaint, and on that basis denies them.

14.     Ivantis denies the allegations set forth in Paragraph 14 of the Complaint.

15.     Ivantis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint, and on that basis denies them.

16.     Ivantis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint, and on that basis denies them.

## IVANTIS

17.     Ivantis admits that it was founded in 2007.  Unless expressly admitted,

- 2 -

Ivantis denies the allegations set forth in Paragraph 17 of the Complaint.

18.     Ivantis denies the allegations set forth in Paragraph 18 of the Complaint.

19.     Ivantis admits that, in 2017, its CEO stated that the MIGS market was about $164 million, and used the phrase "thanks in large part to the great effort by Glaukos in building this category to date." Unless expressly admitted, Ivantis denies the allegations set forth in Paragraph 19 of the Complaint.

20.     Ivantis admits that U.S. Patent No. 6,626,858 ("the '858 patent") states on its face that it was issued on September 30, 2003. Ivantis admits that U.S. Patent No. 9,827,143 ("the '143 patent") and the '858 patent (collectively, the "Lynch Patents") purport to share a common parent application. Unless expressly admitted, Ivantis denies the allegations set forth in Paragraph 20 of the Complaint.

21.     Ivantis admits that, on their faces, the Lynch patents identify Mary Lynch and Reay Brown as inventors. Unless expressly admitted, Ivantis denies the allegations set forth in Paragraph 21 of the Complaint.

22.     Ivantis denies the allegations set forth in Paragraph 22 of the Complaint.

23.     Ivantis denies the allegations set forth in Paragraph 23 of the Complaint.

24.     Ivantis denies the allegations set forth in Paragraph 24 of the Complaint.

25.     Ivantis admits that, in 2017, it issued a press release stating that it had raised $25 million and that "[t]he funds will . . . will support US commercialization of the Hydrus Microstent upon its anticipated 2018 US Food and Drug Administration (FDA) Approval." Unless expressly admitted, Ivantis denies the allegations set forth in Paragraph 25 of the Complaint.

## OVERVIEW OF THE HYDRUS PRODUCT

26.     Ivantis denies the allegations set forth in Paragraph 26 of the Complaint.

27.     Ivantis denies the allegations set forth in Paragraph 27 of the Complaint.

28.     Ivantis denies the allegations set forth in Paragraph 28 of the Complaint.

29.     Ivantis admits that its CEO has stated that the proximal end of the

Hydrus "resides in the anterior chamber, where aqueous humor enters the body of the device." Ivantis admits that its website states "[t]he tiny Hydrus 'scaffold' is designed to be inserted into the primary fluid canal (called Schlemm's canal) of the eye." Unless expressly admitted, Ivantis denies the allegations set forth in Paragraph 29 of the Complaint.

30.     Ivantis denies the allegations set forth in Paragraph 30 of the Complaint.

31.     Ivantis admits that the image in Paragraph 31 of the Complaint depicts the Hydrus. Unless expressly admitted, Ivantis denies the allegations set forth in Paragraph 31 of the Complaint.

32.     Ivantis denies the allegations set forth in Paragraph 32 of the Complaint.

## CLAIM ONE FOR INFRINGEMENT OF U.S. PATENT NO. 6,626,858

33.     Ivantis repeats, alleges, and incorporates by reference as if fully set forth herein each and every response to Paragraphs 1 to 32 above.

34.     Ivantis admits that a document purporting to be a copy of the '858 patent entitled "Shunt Device and Method for Treating Glaucoma" is attached to the Complaint as Exhibit A. Ivantis further admits that the '858 patent states on its face that it was issued on September 30, 2003. Unless expressly admitted, Ivantis denies the allegations set forth in Paragraph 34 of the Complaint.

35.     Ivantis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint, and on that basis denies them.

36.     Ivantis denies the allegations set forth in Paragraph 36 of the Complaint.

37.     Ivantis denies the allegations set forth in Paragraph 37 of the Complaint.

38.     Ivantis denies the allegations set forth in Paragraph 38 of the Complaint.

39.     Ivantis denies the allegations set forth in Paragraph 39 of the Complaint.

40.     Ivantis denies the allegations set forth in Paragraph 40 of the Complaint.

- 4 -

## CLAIM TWO FOR INFRINGEMENT OF U.S. PATENT NO. 9,827,143

41.     Ivantis repeats, alleges, and incorporates by reference as if fully set forth herein each and every response to Paragraphs 1 to 40 above.

42.     Ivantis admits that a document purporting to be a copy of the '143 patent entitled "Shunt Device and Method for Treating Ocular Disorders" is attached to the Complaint as Exhibit B.  Ivantis further admits that the '143 patent states on its face that it was issued on November 28, 2017.  Unless expressly admitted, Ivantis denies the allegations set forth in Paragraph 42 of the Complaint.

43.     Ivantis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint, and on that basis denies them.

44.     Ivantis denies the allegations set forth in Paragraph 44 of the Complaint.

45.     Ivantis denies the allegations set forth in Paragraph 45 of the Complaint.

46.     Ivantis denies the allegations set forth in Paragraph 46 of the Complaint.

47.     Ivantis denies the allegations set forth in Paragraph 47 of the Complaint.

48.     Ivantis denies the allegations set forth in Paragraph 48 of the Complaint.

## DENIAL OF PLAINTIFF'S PRAYER FOR RELIEF

Ivantis respectfully requests that the Court deny Glaukos's prayer for relief as stated in the Complaint.

## DEFENDANT'S DEFENSES

Further answering the Complaint, Ivantis asserts the following defenses without any admission as to the burden of proof.  Ivantis reserves the right to amend this answer with additional defenses as further information is obtained.

## FIRST DEFENSE

### (Failure to State a Claim Upon Which Relief Can Be Granted)

1.     Glaukos's Complaint fails to state a claim upon which relief can be granted.

- 5 -

## SECOND DEFENSE

### (Noninfringement)

2.      Ivantis has not infringed and does not infringe, directly or indirectly, any valid and/or enforceable claim of the Lynch Patents, either literally or under the doctrine of equivalents.

## THIRD DEFENSE

### (Invalidity)

3.      The Lynch Patents are invalid for failing to comply with one or more provisions of the Patent Laws, Title 35 U.S.C., including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## FOURTH DEFENSE

### (Double Patenting)

4.      Glaukos's claims are barred by the judicially-created doctrine of double patenting.

## FORMER FIFTH DEFENSE

5.      Ivantis hereby withdraws its prior allegations based on the doctrines of waiver and/or estoppel without prejudice to renewing the allegations as discovery proceeds.

## SIXTH DEFENSE

### (Prosecution History Estoppel / Prosecution Disclaimer)

6.      Glaukos's claims are barred by the doctrines of prosecution history estoppel and/or prosecution disclaimer.

## FORMER SEVENTH DEFENSE

7.      Ivantis withdraws its prior allegations based on the doctrine of unclean hands without prejudice to renewing the allegations as discovery proceeds.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EIGHTH DEFENSE

### (Limitation on Damages)

8.    Glaukos's claims for damages, if any, are statutorily limited by 35 U.S.C. §§ 286 and/or 287.

## NINTH DEFENSE

### (Limitation on Costs)

9.    To the extent that any claim of any Lynch Patent is invalid, Glaukos is barred by 35 U.S.C. § 288 from recovering costs associated with this action.

**COUNTERCLAIMS**

Pursuant to Fed. R. Civ. P. 13, Ivantis hereby counterclaims against Glaukos and alleges as follows:

**NATURE OF COUNTERCLAIMS**

1. These counterclaims arise from Glaukos's infringement of one or more Ivantis patents via the manufacture, use, sale, offer to sell, and/or importation, of certain products including but not limited to the Glaukos iStent *inject*® Trabecular Micro Bypass System ("iStent *inject*").

**THE PARTIES**

2. Ivantis is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 38 Discovery, Suite 150, Irvine, California.

3. In its Complaint, Glaukos alleges that it is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 229 Avenida Fabricante, San Clemente, California.

**JURISDICTION AND VENUE**

4. These counterclaims arise under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction over the counterclaims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Glaukos. On information and belief, Glaukos is a resident of this judicial district, regularly transacts business within this district, and regularly avails itself of the benefits of this district. On information and belief, Glaukos also manufactures, sells, and distributes products in this district, including the iStent *inject*.

7. Venue is proper in this district under 28 U.S.C. §§ 1391(a) and (c), and 1400(b).

**THE IVANTIS PATENTS**

8.      Ivantis is the assignee of U.S. Patent No. 8,540,659 ("the '659 patent"), U.S. Patent No. 9,603,741 ("the '741 patent"), and U.S. Patent No. 9,833,357 ("the '357 patent") (collectively "the Berlin patents").  Ivantis is the owner of all substantial rights in the Berlin patents, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

9.      The '659 patent, entitled "Delivery System and Method of Use for the Eye," is a valid, enforceable patent that was duly issued by the USPTO on September 24, 2013 in full compliance with Title 35 of the United States Code.  A true and correct copy of the '659 patent is attached hereto as Exhibit 1.

10.     The '741 patent, entitled "Delivery System and Method of Use for the Eye," is a valid, enforceable patent that was duly issued by the USPTO on March 28, 2017 in full compliance with Title 35 of the United States Code.  A true and correct copy of the '741 patent is attached hereto as Exhibit 2.

11.     The '357 patent, entitled "Delivery System and Method of Use for the Eye," is a valid, enforceable patent that was duly issued by the USPTO on December 5, 2017 in full compliance with Title 35 of the United States Code.  A true and correct copy of the '357 patent is attached hereto as Exhibit 3.

12.     The '357 patent is a continuation of the '741 patent, which is a continuation of the '659 patent.  Each of the Berlin patents claims priority to U.S. provisional patent application No. 60/205,846, filed on May 19, 2000.

13.     The Berlin patents describe, *inter alia*, an intraocular implant device and a technique for controlling the geometry of Schlemm's canal and optionally the trabecular meshwork.  The implant device may be embodied in a stent having a tubular body.  A distal end of the device may engage the inner wall of Schlemm's canal, while a proximal end of the device may be positioned at the trabecular meshwork.  The device serves to ensure the outflow of fluid from an anterior

- 9 -

chamber of the eye, into Schlemm's canal.

14.     The claims of the Berlin patents are generally directed to intraocular implants, a system comprising an intraocular implant, and treatment methods involving the use of an intraocular implant.  Claim 13 of the '357 patent is provided below as an example.

> 13. An intraocular implant for placement in a patient's eye to conduct fluid from the eye to treat glaucoma, the eye having a trabecular meshwork, an anterior chamber and a Schlemm's canal, the Schlemm's canal comprising an outer wall and an inner wall, the implant configured to be positioned such that the implant extends through the trabecular meshwork of the eye, the implant comprising:
>
> a proximal portion comprising a proximal opening configured to reside in the anterior chamber of an eye;
>
> a distal portion comprising a distal opening configured to reside in the Schlemm's canal of the eye;
>
> a middle portion comprising a substantially straight passageway extending from the proximal opening to the distal opening, the middle portion dimensioned to extend across the inner wall of the Schlemm's canal and the trabecular meshwork, the distal portion comprising a contact surface to contact an inner wall of the Schlemm's canal, the distal portion sized and shaped to substantially inhibit contact with collector channels on the outer wall of the Schlemm's canal when the contact surface of the distal portion engages the inner wall of the Schlemm's canal and self-retains the implant with engagement of the inner wall of the Schlemm's canal; and
>
> wherein the substantially straight passageway is configured to conduct fluid from the opening on the proximal portion of the implant to the opening on the distal portion of the implant, such that fluid flows from the

anterior chamber to the Schlemm's canal through the implant.

15.     Glaukos became aware of the Berlin patent family no later than September 4, 2008, when Dr. Michael S. Berlin, M.D., the inventor of the Berlin patent family, emailed Glaukos about U.S. Application Publication Number 2008/0108934 ("the '934 application") to explore potential licensing.  The '659 patent asserted here issued from that application, and all three of the asserted Berlin patents share a common disclosure and lineage.  Glaukos's review of the '934 application led Glaukos to conclude that Dr. Berlin's ocular stent technology closely resembled its own developing product line.  But, rather than engage in good-faith licensing discussions of Dr. Berlin's technology, Glaukos falsely accused Dr. Berlin of trade secret theft.  Specifically, Glaukos asserted that it "review[ed] . . . the file for Dr. Berlin's . . . published patent application [No. US 2008/0108934 A1]" – and that "the claims set forth in that patent application are unmistakably drafted in an attempt to cover Glaukos's forthcoming product."

16.     In order to pressure Dr. Berlin to provide "a worldwide, fully paid-up, non-exclusive, non-revocable, royalty-free license" for, among other things, "each and every patent" that issued from the Berlin patent family, or "any patent on which Dr. Berlin is a named inventor and that contains claims directed toward ocular shunt or stent technology," Glaukos threatened Dr. Berlin with supposed liability for trade secret misappropriation, and then offered to release him from said supposed liability in exchange for such a license.  Dr. Berlin did not cower to Glaukos's threats.  He declined to offer Glaukos an essentially free license to the technology that he had invented and had been working on for years.  Instead, Dr. Berlin's counsel confronted Glaukos with facts regarding Dr. Berlin's development of the inventions reflected in the '934 application, including the indisputable fact that the Berlin patent family stemmed from filed U.S. patent applications that long predated Glaukos's product line.  Dr. Berlin's counsel also asked Glaukos to provide details regarding its

- 11 -

allegations of trade secret misappropriation against Dr. Berlin.  Glaukos never responded, and instead abandoned its unsubstantiated and unsupportable claims of trade secret misappropriation.

17.     The above facts demonstrate that Glaukos has therefore been aware of the Berlin patent family, including the application that issued as the asserted '659 patent, for *at least ten years*.  Glaukos itself believed that the Berlin patent family covered its forthcoming product.  On information and belief, Glaukos also continued to monitor the Berlin patent family carefully and had actual knowledge of each of the asserted Berlin patents when each such patent issued, starting in 2013.  Indeed, Glaukos confirmed its knowledge of the Berlin patent family on an August 2, 2018 investor conference call during which Glaukos's President & CEO described the Berlin patents and predicted that Ivantis would allege infringement.  Despite Glaukos's longstanding knowledge that its product infringed the Berlin patents, it nevertheless proceeded to develop and sell it.

## GLAUKOS'S INFRINGING PRODUCTS

18.     On information and belief, Glaukos makes, uses, offers to sell, sells, and/or imports intraocular implant products including but not limited to the iStent *inject* in the United States.

19.     During Glaukos's second quarter 2018 financial results conference call on August 2, 2018, Glaukos's President & CEO stated that "Over the course of 2018, we've been scaling, manufacturing and building necessary launch inventories, finalizing marketing campaigns and readying the U.S. sales organization in anticipation of iStent inject U.S. commercialization." https://finance.yahoo.com/news/edited-transcript-gkos-earnings-conference-052511988.html.  Referring to U.S. commercialization of the iStent *inject*, he further stated that "We will begin our full commercial launch activities later this month, following the completion of our final sales force training activities that are currently

- 12 -

1    underway." *Id.*

2         20.    Glaukos's website states that "[t]o help control the increased pressure in

3    your eye associated with glaucoma, iStent *inject* creates a bypass between the front

4    part of your eye [anterior chamber] and its natural drainage pathway [Schlemm's

5    canal] to increase the flow of fluid."  https://www.glaukos.com/enca/istent-inject-

6    procedure/how-istent-inject-works/.

7         21.    Illustrations of the iStent *inject* (reproduced below) depict a proximal

8    opening that resides in the anterior chamber, a distal opening that resides in

9    Schlemm's canal, and a substantially straight passageway extending from the

10   proximal opening to the distal opening, across the inner wall of Schlemm's canal and

11   the trabecular meshwork.  The illustrations further depict a distal portion of the iStent

12   *inject* that includes a contact surface that contacts an inner wall of Schlemm's canal,

13   and self-retains the iStent *inject* at the inner wall of Schlemm's canal.



Illustration depicting two iStent *inject* stents
(https://www.glaukos.com/enca/istent-inject-procedure/innovative-design/)

- 13 -

1
2
3
4
5
6
7
8
9
10



Illustration depicting the iStent *inject* implanted in an eye
(https://www.slideshare.net/glaukos/investor-day-deck-master-revised-09282017)

22.    Additional illustrations of the iStent *inject* (reproduced below) and statements in the package insert indicate that it includes a distal portion sized and shaped to substantially inhibit contact with collector channels on the outer wall of Schlemm's canal when the contact surface of the distal portion engages the inner wall of Schlemm's canal and self-retains the implant with engagement of the inner wall of Schlemm's canal.



Annotated illustration depicting the contact surface of the distal portion to contact the inner wall of Schlemm's Canal (Package Insert at Figure 2)

- 14 -

1
2
3
4
5
6
7
8
9
10
11



Inner wall of Schlemm's canal

contact surface of distal
portion contacting inner
wall of Schlemm's canal

Outer wall of Schlemm's canal

<u>Annotated illustration</u> depicting the iStent inject implanted in an eye
(https://www.slideshare.net/glaukos/investor-day-deck-master-revised-09282017)

12      23.     A video illustrating usage of the iStent *Inject* System shows positioning

13  the implant in the eye such that the distal portion comprises a contact surface that

14  contacts an inner wall of Schlemm's canal, the distal portion sized and shaped to

15  substantially inhibit contact with collector channels on the outer wall of Schlemm's

16  canal when the contact surface of the distal portion engages the inner wall of

17  Schlemm's canal and self-retains the implant with engagement of the inner wall of

18  Schlemm's canal.  *See, e.g.,* iStent Inject Surgical Procedure Animation 2,

19  https://www.youtube.com/watch?v=p-6pjueo_Jg.

20      24.     Further illustrations of the iStent *inject* (reproduced below) demonstrate

21  that it includes a middle portion, the thorax for example, comprising a substantially

22  straight passageway extending from the proximal opening to the distal opening

23  configured to conduct fluid from the opening on the proximal portion of the implant

24  to the opening on the distal portion of the implant, such that fluid flows from the

25  anterior chamber to Schlemm's canal through the implant.

26
27
28

- 15 -

<u>Annotated illustration</u> depicting the features and dimensions of the iStent *inject* (https://www.glaukos.com/healthcare-professionals/istent-inject/)

25.     According to Glaukos's website, the iStent *inject* system is comprised of two preloaded stents in a single use, sterile inserter.  During implantation, the inserter guides the implants into position through the trabecular meshwork. https://www.glaukos.com/enca/healthcare-professionals/istent-inject/.

26.     Thus, the iStent *inject* meets the limitations of at least claim 15 of the '659 patent, claims 14 and 29 of the '741 patent, and claim 13 of the '357 patent.

## <u>COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 8,540,659</u>

27.     Ivantis repeats, alleges, and incorporates by reference as if fully set forth herein each and every statement made in Paragraphs 1 to 26 of its counterclaims.

28.     Glaukos has directly infringed, and continues to directly infringe, at least claims 1 and 15 of the '659 patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, offering to sell, selling, and/or importing in and into the United States certain products, including the iStent *inject*.

29.     Glaukos has actively induced others to infringe at least claims 1 and 15

- 16 -

of the '659 patent in violation of 35 U.S.C. § 271(b) by instructing others to use certain products, including the iStent *inject*. Glaukos's active inducement includes, for example and without limitation, marketing, selling, and offering to sell the iStent *inject*, providing instructions on how to use the iStent *inject*, and promoting the use of the iStent *inject* by end users. On information and belief, Glaukos has induced such infringement with the intent that one or more claims of the '659 patent be infringed.

30. Glaukos has contributed to infringement by others of at least claim 1 of the '659 patent in violation of 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing in and into the United States certain products, including the iStent *inject*, which is an apparatus for use in practicing the invention of at least claim 1 of the '659 patent. Glaukos has offered to sell, sold, and/or imported the iStent *inject* knowing the same to be especially made or especially adapted for use in an infringement of at least claim 1 of the '659 patent, and that the iStent *inject* is not a staple article or commodity of commerce suitable for substantial noninfringing use.

31. On information and belief, Glaukos was monitoring the Berlin patent family and has had actual knowledge of the '659 patent since its issuance on September 24, 2013. Glaukos publicly admitted its actual knowledge of the '659 patent on August 2, 2018 and, in any event, cannot dispute its knowledge of the patent as of the original filing of these counterclaims. Despite having notice, Glaukos continues to infringe at least claims 1 and 15 of the '659 patent. Glaukos's infringement is objectively reckless, knowing, deliberate, and willful.

32. Ivantis has been damaged as a result of Glaukos's infringing conduct and is entitled to recover damages that adequately compensate it for Glaukos's infringement of the '659 patent, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 2: INFRINGEMENT OF U.S. PATENT NO. 9,603,741

33. Ivantis repeats, alleges, and incorporates by reference as if fully set forth

herein each and every statement made in Paragraphs 1 to 32 of its counterclaims.

34.    Glaukos has directly infringed, and continues to directly infringe, at least claims 1, 14, 29, and 33 of the '741 patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, offering to sell, selling, and/or importing in and into the United States certain products, including the iStent *inject*.

35.    Glaukos has actively induced others to infringe at least claims 1, 14, 29, and 33 of the '741 patent in violation of 35 U.S.C. § 271(b) by instructing others to use certain products, including the iStent *inject*. Glaukos's active inducement includes, for example and without limitation, marketing, selling, and offering to sell the iStent *inject*, providing instructions on how to use the iStent *inject*, and promoting the use of the iStent *inject* by end users. On information and belief, Glaukos has induced such infringement with the intent that one or more claims of the '741 patent be infringed.

36.    Glaukos has contributed to infringement by others of at least claims 1, 29, and 33 of the '741 patent in violation of 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing in and into the United States certain products, including the iStent *inject*, which is an apparatus for use in practicing the invention of at least claims 1 and 33 of the '741 patent, and which constitutes a material part of the invention of at least claim 29 of the '741 patent. Glaukos has offered to sell, sold, and/or imported the iStent *inject* knowing the same to be especially made or especially adapted for use in an infringement of at least claims 1, 29, and 33 of the '741 patent, and that the iStent *inject* is not a staple article or commodity of commerce suitable for substantial noninfringing use.

37.    On information and belief, Glaukos was monitoring the Berlin patent family and has had actual knowledge of the '741 patent since its issuance on March 28, 2017. Glaukos publicly admitted its actual knowledge of the '741 patent on August 2, 2018 and, in any event, cannot dispute its knowledge of the patent as of the

- 18 -

DEFENDANT AND COUNTERCLAIMANT IVANTIS, INC.'S
FIRST AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS
Case No. 8:18-cv-00620-JVS-JDE

original filing of these counterclaims. Despite having notice, Glaukos continues to infringe at least claims 1, 14, 29, and 33 of the '741 patent. Glaukos's infringement is objectively reckless, knowing, deliberate, and willful.

38.    Ivantis has been damaged as a result of Glaukos's infringing conduct and is entitled to recover damages that adequately compensate it for Glaukos's infringement of the '741 patent, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 3: INFRINGEMENT OF U.S. PATENT NO. 9,833,357

39.    Ivantis repeats, alleges, and incorporates by reference as if fully set forth herein each and every statement made in Paragraphs 1 to 38 of its counterclaims.

40.    Glaukos has directly infringed, and continues to directly infringe, at least claims 1 and 13 of the '357 patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, offering to sell, selling, and/or importing in and into the United States certain products, including the iStent *inject*.

41.    Glaukos has actively induced others to infringe at least claims 1 and 13 of the '357 patent in violation of 35 U.S.C. § 271(b) by instructing others to use certain products, including the iStent *inject*. Glaukos's active inducement includes, for example and without limitation, marketing, selling, and offering to sell the iStent *inject*, providing instructions on how to use the iStent *inject*, and promoting the use of the iStent *inject* by end users. On information and belief, Glaukos has induced such infringement with the intent that one or more claims of the '357 patent be infringed.

42.    Glaukos has contributed to infringement by others of at least claim 1 of the '357 patent in violation of 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing in and into the United States certain products, including the iStent *inject*, which is an apparatus for use in practicing the invention of at least claim 1 of the '357 patent. Glaukos has offered to sell, sold, and/or imported the iStent *inject* knowing the same to be especially made or especially adapted for use in an infringement of at

- 19 -

least claim 1 of the '357 patent, and that the iStent *inject* is not a staple article or commodity of commerce suitable for substantial noninfringing use.

43.     On information and belief, Glaukos was monitoring the Berlin patent family and has had actual knowledge of the '357 patent since its issuance on December 5, 2017.  Glaukos publicly admitted its actual knowledge of the '357 patent on August 2, 2018 and, in any event, cannot dispute its knowledge of the patent as of the original filing of these counterclaims.  Despite having notice, Glaukos continues to infringe at least claims 1 and 13 of the '357 patent.  Glaukos's infringement is objectively reckless, knowing, deliberate, and willful.

44.     Ivantis has been damaged as a result of Glaukos's infringing conduct and is entitled to recover damages that adequately compensate it for Glaukos's infringement of the '357 patent, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## DEFENDANT'S DEMAND FOR A JURY TRIAL

Ivantis requests a trial by jury, under Rule 38 of the Federal Rules of Civil Procedure, for all issues triable by right of a jury.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Ivantis respectfully requests the following relief:

A.     That the Court enter a judgment in favor of Ivantis, and against Glaukos, on each of Glaukos's claims, dismissing each claim with prejudice;

B.     That Glaukos takes nothing by its Complaint against Ivantis;

C.     That the Court enter a judgment in favor of Ivantis, and against Glaukos, that Glaukos has infringed, induced infringement, and contributed to infringement of the '659 patent;

D.     That the Court enter a judgment in favor of Ivantis, and against Glaukos, that Glaukos has willfully infringed one or more claims of the '659 patent;

E.     That the Court enter a judgment in favor of Ivantis, and against Glaukos,

- 20 -

that Glaukos has infringed, induced infringement, and contributed to infringement of the '741 patent;

F.      That the Court enter a judgment in favor of Ivantis, and against Glaukos, that Glaukos has willfully infringed one or more claims of the '741 patent;

G.      That the Court enter a judgment in favor of Ivantis, and against Glaukos, that Glaukos has infringed, induced infringement, and contributed to infringement of the '357 patent;

H.      That the Court enter a judgment in favor of Ivantis, and against Glaukos, that Glaukos has willfully infringed one or more claims of the '357 patent;

I.      That the Court enter a judgment in favor of Ivantis, and against Glaukos, that Glaukos and its officers, employees, agents, attorneys, affiliates, successors, assigns, and others acting in privity or concert with it be preliminarily and permanently enjoined from making, using, offering to sell, and selling, or inducing or contributing to others to make, use, offer to sell, or sell any product that infringes any of the '659, '741, or '357 patents, including without limitation the iStent *inject*, and from importing the same into the United States;

J.      That the Court enter a judgment awarding Ivantis damages resulting from Glaukos's infringement in an amount no less than a reasonable royalty, and that such amount be multiplied based on Glaukos's willful infringement;

K.      That the Court enter a judgment declaring this an exceptional case under 35 U.S.C. § 285, and awarding Ivantis its attorneys' fees in this case;

L.      That the Court enter a judgment in favor of Ivantis, and against Glaukos, that interest, costs, and expenses be awarded to Ivantis;

M.      That the Court grant Ivantis any other relief that the Court may deem just and proper.

1

Dated:  September 6, 2018          ARNOLD & PORTER KAYE SCHOLER LLP

2

3
                              By:    /s/ *John Nilsson*
4                                    John Ulin
                                     John Nilsson
5

6                                    KEKER, VAN NEST & PETERS LLP

7                                    Robert A. Van Nest
                                     David Silbert
8                                    Leo L. Lam
                                     Ajay S. Krishnan
9

10                                   Attorneys for Defendant
                                     IVANTIS, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT AND COUNTERCLAIMANT IVANTIS, INC.'S
FIRST AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS
Case No. 8:18-cv-00620-JVS-JDE