1  IRELL & MANELLA LLP
   Lisa S. Glasser (223406)
2  lglasser@irell.com
   David McPhie (231520)
3  dmcphie@irell.com
   840 Newport Center Drive, Suite 400
4  Newport Beach, California 92660-6324
   Telephone:  (949) 760-0991
5  Facsimile:  (949) 760-5200

6  Morgan Chu (70446)
   mchu@irell.com
7  Stephen Payne (310567)
   spayne@irell.com
8  1800 Avenue of the Stars, Suite 900
   Los Angeles, California 90067-4276
9  Telephone:   (310) 277-1010
   Facsimile:    (310) 203-7199
10
   Attorneys for GLAUKOS
11 CORPORATION

12
   ARNOLD & PORTER KAYE
13 SCHOLER LLP
   John Ulin (SBN 165524)
14 John.ulin@arnoldporter.com
   777 South Figueroa St., 44th Floor
15 Los Angeles, CA 90017-5844
   Telephone:  (213) 243-4228
16 Facsimile:  (213) 243-4199

17 Attorneys for Defendant and
   Counterclaimant
18 IVANTIS, INC.

KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest (SBN 84065)
rvannest@keker.com
David Silbert (SBN 173128)
dsilbert@keker.com
Leo L. Lam (SBN 181861)
llam@keker.com
Ajay S. Krishnan (SBN 222476)
akrishnan@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  (415) 391-5400
Facsimile:   (415) 397-7199

Attorneys for Defendant and
Counterclaimant
IVANTIS, INC.


ARNOLD & PORTER KAYE
SCHOLER LLP
Matthew Wolf (*pro hac vice*)
Matthew.wolf@arnoldporter.com
John Nilsson (*pro hac vice*)
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Telephone:  (202) 942-5000
Facsimile:   (202) 942-5999

Attorneys for Defendant and
Counterclaimant
IVANTIS, INC.

19
20              **UNITED STATES DISTRICT COURT**

21              **CENTRAL DISTRICT OF CALIFORNIA**

22                    **SOUTHERN DIVISION**

| | |
|---|---|
| GLAUKOS CORPORATION, a Delaware Corporation, ) ) ) | Case No. 8:18-cv-00620-JVS-JDE |
| Plaintiff and ) Counterclaim Defendant, ) ) | **JOINT RULE 26(F) REPORT** |
| v.      ) ) | Judge:    Hon. James V. Selna |
| IVANTIS, INC, a Delaware ) Corporation,     ) ) | Date Filed:  April 14, 2018 Trial Date:   Not Yet Set |
| Defendant and ) Counterclaimant.   ) | Date:          September 17, 2018 Time:          10:00 A.M. Courtroom:  10C |

10573490

1    Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule

2 26-1, and this Court's Order Setting Scheduling Conference (Dkt. 39), the parties to

3 this action hereby submit the following Joint Rule 26(f) Report following the

4 telephonic conference of counsel held on July 2, 2018, between counsel for Glaukos

5 Corporation ("Glaukos") and counsel for Ivantis, Inc. ("Ivantis").

6    The parties will be represented at the Scheduling Conference by their

7 respective counsel, including Glaukos's co-lead counsel, Lisa Glasser, and Ivantis's

8 co-lead counsel, David Silbert.

9 **I.    Synopsis**

10    **A.    Glaukos**

11    Glaukos pioneered the field of Micro-Invasive Glaucoma Surgery ("MIGS")

12 with its patented iStent® and iStent inject® products ("iStent products"). The iStent

13 products are tiny, first-of-a-kind stents implanted in the human eye to reduce the

14 elevated intraocular pressure (IOP) associated with glaucoma. Implanted through the

15 eye's anterior chamber, the iStent products are designed to reside in part in the

16 anterior chamber, and in part in a structure of the eye known as "Schlemm's canal,"

17 promoting drainage of aqueous humor and thus reducing IOP.  At just 0.23 mm x

18 0.36 mm, the iStent inject®, Glaukos's second generation product, is believed to be

19 the smallest medical device ever approved by the United States Food and Drug

20 Administration (FDA) (the first generation iStent® previously held that distinction).

21    Glaukos designs and manufactures its patented iStent products at its San

22 Clemente, California headquarters, and sells them in approximately twenty countries

23 around the world. The iStent® was approved in Europe in 2004 and by the FDA in

24 2012, while the iStent inject® was approved in Europe in 2010 and by the FDA in

25 2018. Through investment of more than $300 million in funding, and many years of

26 effort, Glaukos created an entirely new category of glaucoma treatment, and grew

27 the market for its patented technology from non-existent to more than $160 million

28 annually today. More than 400,000 eyes have been treated with Glaukos's patented

iStent products, which have proven effective at reducing IOP on a long-term basis, with an extremely favorable safety profile.  Glaukos has an extensive patent portfolio, including the Asserted Patents which Glaukos acquired in 2006, during the initial stages of the FDA approval process for its first-generation product.

Ivantis is a competitor founded more than seven years after the priority date of the Glaukos Asserted Patents, after Glaukos had already obtained approval of the iStent® in Europe, and after research regarding Glaukos's pioneering technology had been published worldwide. Glaukos's complaint alleges willful infringement by Ivantis of U.S. Patent Nos. 6,626,858 and 9,827,143 (collectively, "Glaukos Asserted Patents"). The Hydrus is strikingly similar to the claims of the Asserted Patents, and Ivantis widely promotes its device as having the same mechanism of action as Glaukos's products. In its pivotal trial, the infringing Hydrus demonstrated similar efficacy to the Glaukos iStent inject, but the Hydrus's implementation of the patented technology has a less favorable safety profile.

Glaukos seeks injunctive relief, damages (including enhanced damages), attorneys' fees, and costs.  Dkt. 1. When Glaukos filed its Complaint, Ivantis denied that commercial sales of the accused "Hydrus" device had occurred or would imminently occur, and moved to dismiss the Complaint on those bases. Dkt. 22. On June 16, 2018, the Court ordered discovery regarding Ivantis's contention that its activities were entirely non-commercial and protected by the safe harbor, and stayed the remainder of the action for 60 days. Dkt. 31. However, on August 6, 2018, as the stay was nearing completion, Ivantis declined to renew its motion to dismiss. Dkt. 37. Although the Hydrus has been approved by the FDA, to date, Ivantis has not produced any information or documents regarding any sales in the United States or elsewhere. Glaukos's understanding is that Ivantis either has begun limited commercialization or intends to shortly begin commercial sales of its infringing Hydrus device in the United States.

1    Attempting a strategy of "offense as defense," after Glaukos filed its
2 Complaint, Ivantis entered into a transaction whereby it claims to have purchased
3 from a third party, Michael Berlin, the rights to U.S. Patent Nos. 8,540,659,
4 9,603,741, and 9,833,357 (collectively, "Berlin Asserted Patents"). In its amended
5 Counterclaim filed September 6, 2018, Ivantis alleges that Glaukos's iStent inject
6 product infringes the Berlin Asserted Patents. Dkt. 47.

7    Glaukos's iStent inject device (which Glaukos has been commercially making
8 in its Orange County, California facility since 2011) plainly does not infringe, and
9 the Berlin Asserted Patents further are invalid and unenforceable. As background,
10 more than a decade ago, Berlin improperly gained access to Glaukos information
11 (including Glaukos's selection of the iStent inject design as its second-generation
12 product) by hiring a former Glaukos patent attorney with confidential information
13 about Glaukos's design plans, and drafted patent claims attempting to cover the
14 iStent inject.  In the fall of 2008, Glaukos notified Berlin and the attorney that this
15 conduct was both unlawful and unethical.  By early 2009, the matter appeared to
16 have been resolved – the lawyer withdrew, and the USPTO rejected all of Berlin's
17 claims as invalid in view of Glaukos's own patents. The Berlin Asserted Patents did
18 not issue until almost five years later, starting in 2013, when Berlin's new counsel
19 revised the claims to add additional, narrow limitations *and specifically disclaimed*
20 *devices with the sizes and shapes disclosed in Glaukos's patents*. Now, nearly a
21 decade later in 2018, Ivantis alleges that Glaukos infringes. This argument is
22 frivolous, particularly given that the accused iStent inject product practices Glaukos
23 prior art patents and falls squarely within the size range that Berlin expressly
24 disclaimed to the USPTO in order to obtain issuance of the Berlin Asserted Patents.

25    **B.    Ivantis**

26    Through years of independent research, Ivantis developed the Hydrus®
27 Microstent ("Hydrus"), a groundbreaking treatment for glaucoma that works
28 differently than any other product now available.  By this lawsuit, Plaintiff Glaukos

1   seeks to stop Ivantis from offering this superior therapy to Americans affected by

2   glaucoma, who may face vision loss or blindness.

3       Ivantis's Hydrus is the world's first "intracannicular scaffold" for the

4   treatment of primary open angle glaucoma.  Roughly the size of an eyelash, it is

5   inserted into a patient's eye, where it relieves intraocular pressure by allowing

6   drainage of aqueous humor into the eye's primary fluid canal (called Schlemm's

7   canal) while acting as a scaffold to keep the canal open.  Glaukos's products do not

8   look or function like the Hydrus and do not have the same efficacy.  The Hydrus

9   was approved in Europe in 2011 and Australia in 2013, and the FDA recently

10  approved it for use in the United States.

11      Glaukos accuses Ivantis of infringing two patents that Glaukos purchased

12  from a third party—U.S. Patent Nos. 6,626,858 ("the '858 Patent") and 9,827,143

13  ("the '143 Patent").  Ivantis asserts various defenses, including non-infringement

14  and invalidity.  Ivantis has also filed IPR petitions on both patents, and expects

15  institution decisions in November.

16      While Ivantis would rather compete in the marketplace, it has counterclaimed

17  against Glaukos for Glaukos's willful infringement of U.S. Patent Nos. 8,540,659

18  ("the '659 patent"), 9,603,741 ("the '741 patent"), and 9,833,357 ("the '357

19  patent").  Glaukos has known of these patents for years, and knows that it infringes

20  them.  Indeed, when Glaukos encountered the application for the '659 patent (the

21  earliest of the three), it accused the inventor—falsely—of using Glaukos's trade

22  secrets to draft the applications.[1]

23  **II.   Legal Issues**

24      The parties' claims will likely raise the following legal issues, among others:

25

26

27      [1] Consistent with the Court's preference to avoid unnecessary motion practice over pleadings, Ivantis amended its Answer and Counterclaims on September 6,
28  2018, to address alleged issues raised by Glaukos, even though Glaukos's assertions lacked merit.

1    • The proper construction of any disputed terms in the Glaukos Asserted
2      Patents and Ivantis/Berlin Asserted Patents (collectively, "Asserted
3      Patents").

4    • Whether the Asserted Patents are invalid under 35 U.S.C. § 101, 102,
5      103, and/or 112 and other alleged defenses.

6    • Whether and to what extent the Asserted Patents have been infringed.

7    • Whether the alleged infringement is willful.

8    • The amount of monetary damages.

9    • Whether either party is entitled to an injunction.

10   **III.   Damages**

11       **A.   Glaukos**

12       Glaukos is unable to realistically estimate a range of provable damages at this
13   time, because Ivantis has not yet provided any discovery regarding its sales and
14   commercial plans.  Unlike Glaukos, which is a public company that releases detailed
15   information about its financials, its manufacture and sale of the iStent inject since
16   2011, and its ongoing business activities regarding the iStent inject, Ivantis is private
17   and has not released such information.  However, Glaukos intends to seek, among
18   other things, lost profits damages. At the very minimum, Glaukos is entitled to a
19   reasonable royalty for each infringing act, with pre-judgment and post-judgment
20   interest, pursuant to 35 U.S.C. § 284. Glaukos also intends to seek enhanced
21   damages for willfulness.  Further, because the infringement is anticipated to cause
22   irreparable damages for which monetary damages cannot fully compensate, Glaukos
23   intends to seek injunctive relief.

24       **B.   Ivantis**

25       Ivantis is unable to realistically estimate a range of provable damages at this
26   time because Glaukos has not yet provided any discovery regarding its sales and
27   commercial plans, and damages experts have not yet analyzed these issues.  At the
28   very minimum, Ivantis is entitled to a reasonable royalty for each infringing act,

1   with pre-judgment and post-judgment interest, pursuant to 35 U.S.C. § 284. Ivantis

2   also intends to seek enhanced damages for willfulness.

3   **IV.     Insurance**

4          Neither Party presently is aware of any agreement with an insurer to provide

5   coverage for the costs and fees associated with this case, including any costs of

6   satisfying all or part of any judgment rendered.

7   **V.     Motions to Amend, Add New Parties, or Change Venue**

8          Both parties reserve the right to move to amend or add new parties, to the

9   extent permitted in accordance with the Scheduling Order and the applicable Federal

10  Rules.  Neither party anticipates any motion to change venue.

11  **VI.     Discovery and Experts**

12         The parties have served requests for production, interrogatories, and requests

13  for admission. Except as set forth herein, including in the attached Schedule (Exhibit

14  A), the parties do not currently contemplate that any other changes in the disclosures

15  and discovery limitations under the Federal Rules are needed at this time.

16         If a witness is deposed in his or her personal capacity and as a corporate

17  designee pursuant to Fed. R. Civ. P. 30(b)(6), the parties agree to meet and confer

18  regarding the total length of time that the witness may be deposed.

19             1.     Production of Materials Obtained Via Third-Party Subpoena

20         A party who receives documents from a third party pursuant to a subpoena

21  shall produce those documents to all other parties within five (5) business days of

22  receipt, or sooner if reasonably practicable. The parties shall reasonably cooperate

23  regarding the scheduling of depositions of any third parties, and will not serve

24  notices of deposition without reasonably attempting to clear the deposition dates

25  with counsel for the opposing party in advance.

26             2.     Limitations on Expert Discovery

27         The following communications and materials relating to expert witnesses in

28  this litigation shall not be the subject of discovery or inquiry at trial: (1) drafts of

1   any expert disclosures or analysis (including reports, declarations, affidavits, or any

2   other form of testimony); (2) communications, whether written or oral, between or

3   among any expert, consultant and/or counsel for the party retaining said expert; (3)

4   notes or preparatory materials taken by or on behalf of any expert; any (4) other

5   types of preliminary work product created by or on behalf of any expert.

6          The foregoing exemptions shall not apply to any communications or

7   materials, including those listed above, on which any expert, in any disclosure, relies

8   as a basis for an opinion. Such communications or materials shall be subject to

9   discovery and inquiry at trial. Communications and materials exempt from

10  discovery under this provision shall be treated as attorney work product, and need

11  not be listed on any privilege log.

12         The parties' proposed deadlines for expert disclosures and expert discovery

13  are set forth in Exhibit A.

14  **VII.   Motions For Summary Judgment**

15         Glaukos anticipates moving for summary judgment on one or more of the

16  following issues: infringement of the Glaukos Asserted Patents; non-infringement of

17  the Ivantis/Berlin Asserted Patents and non-willfulness; and insufficiency of

18  Ivantis's defenses. Glaukos may seek summary judgment on different or additional

19  issues depending on the discovery obtained and/or rulings that occur during the

20  case.

21         Ivantis anticipates moving for summary judgment on one or more of the

22  following issues: infringement of the Ivantis Asserted Patents; non-infringement of

23  the Glaukos Asserted Patents; and insufficiency of Glaukos's defenses.  Ivantis may

24  seek summary judgment on different or additional issues depending on the

25  discovery obtained and/or rulings that occur during the case.

26  **VIII.  Settlement and Settlement Mechanism**

27         Pursuant to Local Rule 16-14.4, the parties identify ADR Procedure No. 3

28  (private dispute resolution).  No settlement discussions have occurred to date.

JOINT RULE 26(F) REPORT

10573490.                      - 7 -

IX.     **Trial Estimate**

Each party has demanded a trial by jury of the issues so triable.

Glaukos estimates that trial of this matter will last approximately 8 court days, and anticipates that it will call 6-10 witnesses.  Although there are five patents at issue, the two Asserted Glaukos Patents share a common specification and have the same two co-inventors.  The Asserted Berlin/Ivantis patents similarly share a common specification and have a single named inventor.

Ivantis estimates that the trial in this matter will last ten to twelve court days, given that it will effectively involve two separate patent trials, involving five patents and complex subject matter.  It also appears that Glaukos intends to raise an inequitable conduct defense involving allegations of trade secret misappropriation and improper attorney conduct, which would involve an additional set of witnesses and issues.  At this early stage, where Glaukos has not yet answered Ivantis's counterclaims or responded to any of Ivantis's discovery requests, Ivantis anticipates calling at least twelve witnesses.

X.     **Timetable**

The parties' proposed schedules are attached as Exhibit A.

A.     **Glaukos**

Glaukos notes that Ivantis's schedule does not conform to the Northern District Patent Local Rules or this Court's practices.  Instead, in an effort to push the trial out to June of 2020 (after expiration of one of the two Glaukos Asserted Patents), Ivantis has dramatically and unnecessarily increased the time for many case activities.  As illustrative examples, Ivantis proposes *nearly a year* (46 weeks) between the close of fact discovery and trial, and additional events and times for claim construction-related activities, which are not provided for in the Northern District of California Patent Local Rules.

**B.    Ivantis**

Ivantis observes that Glaukos has proposed an extraordinarily compressed 14-month schedule (measured between the scheduling conference and trial), which is inconsistent with the complexity of the case and the multitude of issues that Glaukos seeks to inject into it. By contrast, Ivantis's 21-month proposed schedule is consistent with this Court's scheduling practices, particularly in light of the case's complexity.

With respect to claim construction deadlines, Ivantis's proposal generally conforms with Glaukos's proposal, except that Ivantis proposes ten days of additional time for responsive briefing, in light of the five patents at issue, and an additional week to ten days to accommodate a tutorial, in light of the complexity of the underlying technology and physiology.

With respect to fact discovery, Ivantis's proposed 11-month fact discovery period (between the scheduling conference and the close of fact discovery) is far more reasonable than Glaukos's highly accelerated 8-month proposal.  Glaukos's proposal would prejudice Ivantis in particular, given that Glaukos has not yet even answered Ivantis's counterclaims or produced any discovery.  Additionally, there may be a need for foreign discovery in this matter.

This case will also call for a fulsome expert discovery period, and will likely involve competing dispositive motions and *Daubert* motions.  Beyond the experts that would normally be required for the technical and damages issues associated with the five Asserted Patents, Glaukos's apparent inequitable conduct defense raises issues of attorney ethics and trade secret misappropriation.

**XI.    Conflicts Disclosures (Parent/Subsidiaries/Affiliates)**

**A.    Glaukos**

Glaukos does not have any parent corporation.  Glaukos has the following subsidiaries and/or affiliates:

Glaukos Germany GmbH

JOINT RULE 26(F) REPORT

10573490.

- 9 -

1    Glaukos Japan GK

2    Glaukos Medical Spain, S.L.

3    Glaukos Netherlands B.V.

4    Glaukos Australia Pty Ltd

5    Glaukos Canada Inc.

6    Glaukos Produtos Medicos Ltda.

7    Glaukos France

8    Glaukos Singapore Pte Ltd

9    Glaukos UK Limited

10   Glaukos Ireland Limited

11   Glaukos Sweden AB

12   Glaukos (Switzerland) AG

13   Glaukos Norway AS

14   GKOS Medical, Unipessoal LDA

15   Glaukos Belgium

16   **B.    Ivantis**

17   Ivantis does not have any parents, subsidiaries, or affiliates to disclose.

18   **XII.   <u>Magistrates</u>**

19   The parties do not wish to have a Magistrate Judge preside at this time.

20

21

Dated:  September 10, 2018                    Respectfully submitted,

22

23                                                    /s/ *Lisa S. Glasser*

24                                                    IRELL & MANELLA LLP
25                                                    840 Newport Center Drive, Suite 400
                                                      Newport Beach, California 92660-6324
                                                      Telephone:  (949) 760-0991
26                                                    Facsimile:  (949) 760-5200
                                                      Facsimile:  (949) 760-5200
27

28                                                    Attorneys for Plaintiff GLAUKOS
                                                      CORPORATION

JOINT RULE 26(F) REPORT

10573490.                           - 10 -

1

2    Dated:  September 10, 2018

3                                                    /s/ *David J. Silbert*

4                                             KEKER, VAN NEST & PETERS LLP
                                              633 Battery Street
5                                             San Francisco, CA 94111-1809
                                              Telephone (415) 391-5400
6                                             Facsimile (415) 397-7199

7                                             Attorneys for Defendant and
                                              Counterclaimant
8                                             IVANTIS, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Exhibit A
## Proposed Case Schedules

| Event | Glaukos's Proposal | Ivantis's Proposal |
|---|---|---|
| Disclosure of Asserted Claims and Infringement Contentions (N.D. Cal. Patent L.R. 3-1) | October 1, 2018 | October 1, 2018 |
| N.D. Cal. Patent L.R. 3-2 Document Production | October 1, 2018 | October 1, 2018 |
| Last Day to File Motion to Amend Pleadings | December 3, 2018 | December 3, 2018 |
| Invalidity Contentions (N.D. Cal. Patent L.R. 3-3) | November 15, 2018 | November 15, 2018 |
| N.D. Cal. Patent L.R. 3-4 Document Production | November 15, 2018 | November 15, 2018 |
| Exchange of Proposed Terms for Construction (N.D. Cal. Patent L.R. 4-1) | November 29, 2018 | November 29, 2018 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence (N.D. Cal. Patent L.R. 4-2) | December 20, 2018 | December 20, 2018 |
| Damages Contentions (N.D. Cal. Patent L.R. 3-8) | January 4, 2018 | January 4, 2019 |
| Joint Claim Construction and Prehearing Statement (N.D. Cal. Patent L.R. 4-3) | January 14, 2019 | January 14, 2019 |
| Responsive Damages Contentions (N.D. Cal. Patent L.R. 3-9) | February 4, 2019 | February 4, 2019 |
| Completion of Claim Construction Discovery (N.D. Cal. Patent L.R. 4-4) | | February 13, 2019 |
| Simultaneous Opening Claim Construction Briefs (N.D. Cal. Patent L.R. 4-5) | February 25, 2019 | February 28, 2019 |
| Simultaneous Responsive Claim Construction Briefs (N.D. Cal. Patent L.R. 4-5) | March 11, 2019 | March 21, 2019 |
| Claim Construction Tutorial | | April 8, 2019, 1:30 p.m. |
| Claim Construction Hearing (1:30 pm) | March 25, 2019 | April 15, 2019 |

JOINT RULE 26(F) REPORT

10573490

- 12 -

| Event | Glaukos's Proposal | Ivantis's Proposal |
|---|---|---|
| N.D. Cal. Patent L.R. 3-7 Advice of Counsel Disclosure | 30 days after service by the Court of its claim constructions | 30 days after service by the Court of its claim constructions |
| Non-Expert Discovery Cutoff | May 10, 2019 | August 9, 2019 |
| Opening Expert Reports | May 31, 2019 | September 9, 2019 |
| Rebuttal Expert Reports | June 28, 2019 | October 7, 2019 |
| Reply Expert Reports | | November 4, 2019 |
| Expert Discovery Cutoff | July 19, 2019 | December 16, 2019 |
| Deadline to File Dispositive Motions and *Daubert* Motions | August 19, 2019 | January 20, 2020 |
| Dispositive Motion Hearing (1:30 pm) | September 23, 2019 | March 16, 2020 |
| Deadline to file Motions *in Limine* | September 30, 2019 | May 11, 2020 |
| Deadline to lodge Pretrial Conference Order, Memorandum of Contentions of Fact and Law, Exhibit List, Witness List, and Status Report re: Settlement | October 21, 2019 | June 8, 2020 |
| Final Pretrial Conference, Hearing on Motions *in Limine* (11:00 am) | October 28, 2019 | June 15, 2020 |
| Deadline to file Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re: Disputed Instructions and Verdict Forms, Proposed *Voir Dire* Questions, and Agreed-to Statement of Case | October 28, 2019 | June 15, 2020 |
| Trial Date (8:30 am) | November 12, 2019 | June 29, 2020 |

JOINT RULE 26(F) REPORT

10573490