| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>ROBERT A. VAN NEST - # 84065<br>rvannest@keker.com<br>DAVID SILBERT - # 173128<br>dsilbert@keker.com<br>LEO L. LAM - # 181861<br>llam@keker.com<br>AJAY S. KRISHNAN - # 222476<br>akrishnan@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:  415 391 5400<br>Facsimile:   415 397 7188<br><br>Attorneys for Defendant<br>IVANTIS, INC. | ARNOLD & PORTER KAYE SCHOLER LLP<br>John Ulin - # 165524<br>john.ulin@arnoldporter.com<br>777 South Figueroa St, 44th Floor<br>Los Angeles, CA 90017-5844<br>Telephone:  1.213.243.4228<br>Facsimile:   1.213.243.4199<br><br>ARNOLD & PORTER KAYE SCHOLER LLP<br>John Nilsson (*admitted pro hac vice*)<br>john.nilsson@arnoldporter.com<br>601 Massachusetts Avenue, NW<br>Washington, DC 20001-3743<br>Telephone:  1.202.942.5000<br>Facsimile:   1.202.942.5999 |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION-SANTA ANA

| | |
|---|---|
| GLAUKOS CORPORATION, a Delaware Corporation,<br><br>                                      Plaintiff,<br><br>        v.<br><br>IVANTIS, INC., a Delaware Corporation,<br><br>                                      Defendant. | Case No. 8:18-cv-00620-JVS-JDE<br><br>**DECLARATION OF DR. MICHAEL S. BERLIN IN SUPPORT OF IVANTIS, INC.'S OPPOSITION TO GLAUKOS CORPORATION'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT (BERLIN PATENTS)**<br><br>Date: December 10, 2018<br>Time: 1:30 p.m.<br>Courtroom: 10C<br>Judge: Hon. James V. Selna<br><br>Date Filed:  April 14, 2018<br>Trial Date:  February 4, 2020 |

DECLARATION OF DR. MICHAEL S. BERLIN IN SUPPORT OF IVANTIS, INC.'S OPPOSITION TO GLAUKOS'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT (BERLIN PATENTS)
CASE NO.  8:18-CV-00620-JVS-JDE

1310281.v1

I, Michael S. Berlin, M.D., declare as follows:

1. I am a practicing ophthalmologist in West Hollywood, California. I make this declaration in support of Ivantis, Inc.'s Opposition to Glaukos's Motion for Summary Judgment of Non-Infringement.[1] I have personal knowledge of the facts set forth herein, and if called to testify as a witness thereto, I would do so competently under oath.

2. I graduated from the University of Michigan Medical School in 1975.

3. I have been practicing ophthalmology for 39 years. I specialize in the treatment of glaucoma.

4. I am the Founder and Director of the Glaucoma Institute of Beverly Hills, located in West Hollywood, California.

5. I am a Professor of Clinical Ophthalmology at the UCLA Jules Stein Eye Institute and a member of the American Glaucoma Society, American Academy of Ophthalmology, American Society of Cataract and Refractive Surgery, and American Society for Laser Medicine and Surgery. I am on the ANSI standards committees for implantable glaucoma devices and laser safety standards (ANSI Z-80.27 and ANSI Z-136.3, respectively).

6. I have been trained to implant MIGS, or "minimally invasive glaucoma surgery" devices, including the iStent Inject, iStent, Xen and Hydrus, although I have not implanted these devices in patients. I have treated patients and trained physicians to perform excimer laser trabeculostomy ("ELT"), which is a minimally invasive glaucoma surgical procedure.

7. I am the inventor of the patents Ivantis, Inc. is asserting in this action, specifically U.S. Patent Nos. 8,540,659 ("the '659 patent"), 9,603,741 ("the '741 patent"), and 9,833,357 ("the '357 patent") (collectively, "the asserted patents").

---

[1] I have an interest in this litigation as a result of the agreement under which Ivantis, Inc. acquired the asserted patents. *See* ¶ 7. This interest has not influenced my declaration.

1

DECLARATION OF DR. MICHAEL S. BERLIN IN SUPPORT OF IVANTIS, INC.'S OPPOSITION TO GLAUKOS'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT (BERLIN PATENTS)
CASE NO. 8:18-CV-00620-JVS-JDE

1310281.v1

8. Leading up to my inventions and subsequently, I have spent years studying the anatomy and physiology of Schlemm's canal—above and beyond what typical glaucoma specialists are taught and learn for clinical purposes. I have made it a point to study, among other subjects, the fluid dynamics of Schlemm's canal and of stents and similarly implanted devices and the scarring and inflammatory cascade that results from adverse contact between an implant and certain tissues such as the outer wall of Schlemm's canal.

9. I have reviewed public portions of Glaukos's Motion, and as I understand them, Glaukos's statements do not accurately reflect the prosecution history of the asserted patent. As I am not a patent lawyer, I defer to the attorneys to address these details of the prosecution history. But, for example, Glaukos claims on page 6 of its Motion (and in its separate statement) that I annotated the side of an image submitted to the Patent Office, writing that one dimension of Schlemm's canal was "15-20 μm." I did not write that dimension.

10. As I understand, the iStent inject is designed to anchor to the inner wall of Schlemm's canal and adjacent trabecular meshwork. This inner wall of Schlemm's Canal is very pliable. It is part of a moving system.

11. Based on my experience and expertise with the anatomy of Schlemm's Canal and MIGS devices, it appears to me that the iStent inject, if properly implanted, would allow aqueous humor to flow from the anterior chamber into Schlemm's canal through the device's outlets, primarily through its larger 80-micron wide so-called "central outlet." My understanding appears consistent with how Glaukos describes the device's functionality, including how aqueous humor enters through the "central inlet," passes through the device, and exits from the "central outlet" (and the smaller 50-micron sized side outlets) into the Schlemm's Canal lumen.

12. I believe, based on my experience and expertise, that the fluid exiting the device would ordinarily cause the device to recoil away from the outer wall of

Schlemm's Canal. Again, my understanding comports with other descriptions of similar fluid dynamics in the eye, including descriptions known to Glaukos. For example, attached at **Exhibit A** is a true and correct copy of U.S. Patent No. 9,962,290, which is owned by Glaukos. This patent teaches "shunts for draining aqueous humor from the anterior chamber to the uveoscleral outflow pathway," an alternative outflow pathway to Schlemm's canal. *See* Ex. A at Abstract. The patent explains that the aqueous humor "flow can push and hold the surrounding tissue away [from] the stent, thereby preventing tissue adhesion to the shunt . . . at the location of the fluid path," and can also "help to . . . hold[] open the space open and enlarge[]" it. *Id.* col. 35, lines 52-57. Also, these shunts "can prevent adhesion and/or encapsulation of the tissues that make up the supraciliary or suprachoroidal space." *Id.* col. 35, lines 45-50. Although this Patent teaches an invention that works in different but adjacent areas of the eye (the supraciliary and the suprachoroidal spaces), the hydrodynamic and vascular response principles are the same. Also, because the collector channels of the outer wall of Schlemm's canal are part of the cardio vascular system, the outer wall of Schlemm's canal responds similarly to other vascular tissue such as the suprachoroidal space.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

    Executed this 19th day of November, 2018

                                   DR. MICHAEL S. BERLIN