UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-620 JVS(JDEx) | Date | December 13, 2018 |
| Title | Glaukos Corp. v. Ivantis, Inc. | | |

Present: The Honorable  James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)**
<u>**Order Denying Plaintiff's Motion for Summary Judgment and Granting Defendant's Motion to Defer Summary Judgment**</u>

Plaintiff and Counter-Defendant Glaukos Corporation ("Glaukos") filed a motion for summary judgment of non-infringement on Defendant and Counter-Claimant Ivantis, Inc.'s ("Ivantis") Counterclaims for patent infringement. Mot., Docket No. 54. Ivantis filed an opposition. Opp'n, Docket No. 63. Glaukos replied. Reply, Docket No. 68.

Ivantis moved in the alternative to defer summary judgment under Federal Rule of Civil Procedure 56(d). 56(d) Mot., Docket No. 64. Glaukos filed an opposition. 56(d) Opp'n, Docket No. 69.

For the following reasons, the Court **denies** Glaukos's motion without prejudice and **grants** Ivantis's motion.

## I. BACKGROUND

Glaukos filed this action for patent infringement against Ivantis on April 14, 2018. Docket No. 1. Ivantis subsequently purchased U.S. Patent Nos. 8,540,659 ("the '659 Patent"); 9,603,741 ("the '741 Patent"); and 9,833,357 ("the '357 Patent") (together, "the Berlin Patents"). Docket No. 44. On August 16, 2018, Ivantis filed counterclaims asserting that Glaukos's iStent *inject* product infringes the Berlin Patents. Id. On September 6, 2018, Ivantis filed an amended answer and counterclaims. Docket No. 47. On October 1, 2018, Ivantis served its Infringement Contentions. Declaration of Lisa Glasser ("Glasser Decl."), Docket No. 54-3, Ex. A. On November 9, 2018, Glaukos filed the instant motion for summary judgment of non-infringement. Mot., Docket No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-620 JVS(JDEx) | Date | December 13, 2018 |
| Title | Glaukos Corp. v. Ivantis, Inc. | | |

54.

### A.      The Human Eye and Schlemm's Canal

The iris, with the pupil at its center, partitions the human eye into two chambers. The "anterior chamber" is the smaller, external-facing chamber with a window called the "cornea" that lets light in. The iris and pupil together modulate how much light goes into the internal "posterior chamber" for the retina to register and send to the brain for visual perception. See Mot., Docket No. 56-4 at 2. The iris is encircled by a structure called "Schlemm's canal." Schlemm's canal rings the eye where the cornea meets the "sclera" (the white of the eye). In a healthy eye, a clear substance called "aqueous humor" flows into Schlemm's canal from the anterior chamber through a network of cell layers called the "trabecular meshwork," then drains out of the eye through one of several dozen "collector channels." See, e.g., Declaration of Ajay Krishnan ("Krishnan Decl."), Docket No. 65, Ex. 20 at 251–54. When the flow of aqueous humor is impeded, as in the case of glaucoma, intraocular pressure ("IOP") within the eye increases. Untreated, this can result in vision impairment or even blindness. The side of the canal where the collector channels are located is the "outer wall," of Schlemm's canal, and opposite the outer wall is the "inner wall," closest to the anterior chamber. The distance between the outer and inner walls of Schlemm's canal is at issue in this motion. However, it is undisputed that the lumen of Schlemm's canal is not static, and it narrows as IOP increases. See Glasser Decl., Ex. K at GKOS00008432; Krishnan Decl., Ex. 22 at 293, 315.

### B.      The Accused Product: the iStent *inject*

Glaukos's iStent *inject* ("Inject") is the Accused Product. The Inject is approved by the FDA "for reduction of [IOP] in adult patients with mild to moderate primary open-angle glaucoma." Glasser Decl., Ex. D at 4 (pagination per docket). Using a pre-loaded injector, two Inject devices are inserted into Schlemm's canal during a patient's cataract surgery, enhancing aqueous flow. Id. at 2–4. More specifically, the conical "head" of the Inject is placed in Schlemm's canal, while the narrow "thorax" of the device resides in the trabecular meshwork, and the wider "flange" at the bottom of the device resides in the anterior chamber. Id. at 2. The aqueous humor flows through a central inlet in the flange which runs all the way to a central outlet at the tip of the Inject's head. Id. The central inlet and outlet are 80 micron-wide holes. Id. The Inject's head also has four side outlet

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-620 JVS(JDEx) | Date | December 13, 2018 |
| Title | **Glaukos Corp. v. Ivantis, Inc.** | | |

holes which are each 50 microns wide. Id. The entire Inject is 360 microns by 230 microns, including its conical head, which measures 150 microns from base to tip. Id., Ex. E. Accordingly, the Inject is barely visible to the human eye. See Mot., Docket No. 56-4 at 4.

### C. The Berlin Patents

   1. The '659 Patent

On May 19, 2000, Michael Berlin ("Berlin") filed a provisional patent application describing methods for treating glaucoma using photoablation. Glasser Decl., Ex. J. On January 7, 2008, Berlin filed a divisional application claiming priority to the provisional application and a May 2001 utility patent application. Id., Ex. K at GKOS00008034. However, Berlin's claims were repeatedly rejected by the Patent Office, primarily in view of three prior art references: Glaukos's Lynch and Bergheim patents, and a third-party patent, Ritch. Id. at GKOS00008140–47, 8193–98, 8273–81, 9342–59. Berlin attempted to overcome the Patent Office's rejections for almost five years. See generally, id.

On December 19, 2012, Berlin cancelled all pending claims and added new independent claims that included the limitations at issue in this motion: method claim 1 and device claim 15 of the '659 Patent. Id. at GKOS00008365–67. To distinguish the prior art patents, Berlin also submitted supplemental information to the Patent Office "regarding the interior dimensions of Schlemm's canal." Id. at GKOS00008371. The '659 Patent was subsequently issued on September 24, 2013. Id. at GKOS00008505–35. Method claim 1 recites in relevant part:

> inserting an intraocular implant . . . without substantially impinging the outer wall of Schlemm's canal, the intraocular implant having a fluid passageway there through, a distal end and a proximal end, the distal end being positioned adjacent the inner wall of Schlemm's canal and spaced from the outer wall of Schlemm's canal, and the proximal end being positioned at the anterior chamber of the eye so as to enable the fluid to flow from the anterior chamber of the eye into Schlemm's canal; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-620 JVS(JDEx) | Date | December 13, 2018 |
| Title | **Glaukos Corp. v. Ivantis, Inc.** | | |

> securing the intraocular implant in place so that it does not ordinarily <u>impinge the outer wall</u> of Schlemm's canal, thereby avoiding trauma to the outer wall of Schlemm's canal and reducing the likelihood of stimulating an inflammatory cascade and subsequent scar tissue.

<u>Id.</u> at GKOS00008534, col. 18 (emphasis added). Device claim 15 recites in relevant part:

> a fastening member for securing the implant in place so as <u>not to impinge the outer wall</u> of Schlemm's canal, thereby avoiding trauma to the outer wall of Schlemm's canal and reducing the likelihood of stimulating an inflammatory cascade and subsequent scar tissue.

<u>Id.</u> at GKOS00008535, col. 20 (emphasis added). The '659 Patent Notice of Allowance states:

> The instant claims are drawn to an intraocular implant and method for inserting said implant. The implant is configured to be implanted and secured such that the proximal end is disposed within the anterior chamber and the <u>distal end is disposed adjacent the inner wall of Schlemm's canal and spaced from the outer wall of Schlemm's canal</u>, thereby allowing aqueous humor to be transferred from the anterior chamber, through the trabecular meshwork, and into Schlemm's canal.

<u>Id.</u> at GKOS00008453 (emphasis in original).

    2.    <u>The '741 and '357 Patents</u>

Like the '659 Patent, the '741 and '357 Patents were initially rejected based on the Lynch, Bergheim, and Ritch patents. <u>Id.</u>, Ex. L at GKOS00008573–79, 8632–38; Ex. M at GKOS00009851, 10165–67. The claims again were allowed only after

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-620 JVS(JDEx) | Date | December 13, 2018 |
| Title | Glaukos Corp. v. Ivantis, Inc. | | |

Berlin added limitations, including inhibiting contact with the outer wall of Schlemm's canal. Id. at GKOS00009737–38; Ex. M at GKOS00010352. The '741 Patent Notice of Allowance states:

> The instant claims are allowable for substantially the same reasons as the parent application (11/970,488; issued as US Patent No. 8,540,659), which correspond to pages 11-12 of applicant's arguments filed in the instant application on 7/12/16. The prior art does not teach or suggest an implant having a distal portion that is configured to substantially inhibit contact with the outer wall of Schlemm's canal <u>when the contact surface of the distal portion engages the inner wall of Schlemm's canal</u> and self-retains the implant with the inner wall of Schlemm's canal.

Id., Ex. L at GKOS00009737–38 (emphasis added). Similarly, the '357 Patent Notice of Allowance states:

> The instant claims are allowable for similar reasons as discussed in parent application 14/028,460 (issued as US Patent No. 9,603,741). The closest prior art (Bergheim, cited in the previous office action) does not teach or suggest an implant that is <u>configured to contact only the inner wall</u> of Schlemm's canal (i.e. <u>inhibit contact with the outer wall</u> of Schlemm's canal). By only contacting the inner wall and inhibiting contact with the outer wall, the instant invention allows prevents collector channels on the outer wall of Schlemm's canal from being blocked.

Id., Ex. M at GKOS00010352 (emphasis added).

Claims 1 and 14 of the '741 Patent both recite in part:

> . . . the distal portion configured to <u>substantially inhibit</u> contact with the outer wall of Schlemm's canal when the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 18-620 JVS(JDEx)　　　　　　　　　　Date  December 13, 2018

Title  **Glaukos Corp. v. Ivantis, Inc.**

> contact surface of the distal portion <u>engages</u> <u>the</u> <u>inner</u> <u>wall</u> of Schlemm's canal and self-retains the implant with the inner wall of Schlemm's canal . . . .

<u>Id.</u>, Ex. L at GKOS00009833, col. 19, 20 (emphasis added). Claim 29 recites:

> . . . the distal portion is sized and shaped to engage a wall of Schlemm's canal and wherein engagement of the wall of Schlemm's canal is <u>limited</u> <u>to</u> <u>engagement</u> <u>of</u> <u>an</u> <u>inner</u> <u>wall</u> of Schlemm's canal.

<u>Id.</u>, col. 22 (emphasis added). And claim 33 similarly recites ". . . a distal portion of the implant engages a wall of Schlemm's canal and wherein engagement of the wall of Schlemm's canal is <u>limited</u> <u>to</u> <u>an</u> <u>inner</u> <u>wall</u> of Schlemm's canal." <u>Id.</u> (emphasis added).

Lastly, Claims 1 and 13 of the '357 Patent recite in relevant part:

> . . . the distal portion sized and shaped to <u>substantially</u> <u>inhibit</u> contact with collector channels on the outer wall of the Schlemm's canal when the contact surface of the distal portion <u>engages</u> <u>the</u> <u>inner</u> <u>wall</u> of the Schlemm's canal and self-retains the implant with engagement of the inner wall of the Schlemm's canal . . . .

<u>Id.</u>, Ex. M at GKOS00010412, col. 19, 20 (emphasis added).

**D.  Discovery**

Ivantis propounded its initial sets of interrogatories and document requests on August 22, 2018. Krishnan Decl. ¶¶ 4, 9, Exs. 1–2. On August 27, Glaukos notified Ivantis that it intended to move to dismiss Ivantis's counterclaims, including because Ivantis provided "no facts that could support a claim of infringement." Glasser 56(d) Decl., Docket No. 69-1 ¶ 3, Ex. 1. Glaukos elected not to move to dismiss after Ivantis represented it would serve Infringement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-620 JVS(JDEx) | Date | December 13, 2018 |
| Title | **Glaukos Corp. v. Ivantis, Inc.** | | |

Contentions on October 1, 2108, providing support for its counterclaim. Id. ¶¶ 4–5. Glaukos responded to Ivantis's discovery requests on September 21, 2018. Krishnan Decl., Exs. 3–4. On October 4, 2018, Ivantis invited Glaukos to meet and confer regarding discovery disputes. Id. ¶ 14, Ex. 9. On October 15, 2018, the parties held a telephonic meet and confer. Id. ¶¶ 16–17. On October 31, 2018, Ivantis sent Glaukos a letter detailing its view of the deficiencies in Glaukos's discovery responses to date. Id. ¶ 17, Ex. 10.

On November 2, 2018, Glaukos informed Ivantis that it intended to file an early summary judgment motion of non-infringement. Id. ¶ 18. The parties met and conferred on November 5, 2018, during which Ivantis explained its position that the motion is premature, its resolution requires claim construction, Glaukos has inadequately responded to discovery, and additional depositions and expert discovery are necessary. Id. ¶ 19, Ex. 11. Ivantis stated that it would seek deferment of summary judgment under Rule 56(d). Glasser 56(d) Decl. ¶ 12. Glaukos also rejected Ivantis's offer of an accelerated schedule under which Glaukos's motion would have been heard in early 2019 provided that Glaukos produced documents promptly and made key witnesses available for deposition. Krishnan Decl. ¶ 20, Ex. 11. Rather, Ivantis agreed that it would not object to the hearing date if Glaukos provided it with an advance copy of its summary judgment brief on November 7, before filing it with the Court. Glasser 56(d) Decl. ¶ 7.

On November 7, 2018, Glaukos responded to Ivantis's October 31 discovery letter. Krishan Decl. ¶ 21, Ex. 12. The same day, Glaukos served Ivantis with a copy of its memorandum of points and authorities in support of its motion for summary judgment. Id. On November 11, after the instant motion was filed, Ivantis served another set of Requests for Production which it argues targeted documents necessary to oppose Glaukos's motion. Id. ¶ 30, Ex. 13. Ivantis asked Glaukos to produce the documents by noon on November 15; Glaukos responded after 5 p.m. on the 15th. Id., Ex. 15. Glaukos either produced responsive documents or explained that it had already produced responsive material, or that materials were publicly available. Id.; Glasser 56(d) Decl. ¶¶ 14–16. Among other things, Glaukos produced additional documentation regarding Schlemm's canal, all documents relating to the YouTube posting identified in Ivantis's Infringement Contentions, documentation of Glaukos's early designs and prototypes for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-620 JVS(JDEx) | Date | December 13, 2018 |

| | |
|---|---|
| Title | **Glaukos Corp. v. Ivantis, Inc.** |

Inject and related designs, and the published fluid-dynamics modelling created by the University of Colorado for the Inject. Glasser 56(d) Decl. ¶¶ 15–16; Krishnan Decl., Ex. 15.

Both parties have agreed to produce non-infringement contentions in December 2018. Glasser 56(d) Decl. ¶ 18. Both parties have produced documents consisting of about 12,000 pages each. Glasser 56(d) Decl. ¶ 8. To date, there have been no depositions, claim construction exchanges, or expert discovery in this case. Krishnan Decl. ¶¶ 19, 24–25.

## II. Legal Standards

Summary judgment is appropriate where the record, read in the light most favorable to the nonmovant,[1] indicates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)[2]; see also MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp., 420 F.3d 1369, 1373 (Fed. Cir. 2005). The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. Id.; see also Celotex Corp. v. Catrett, 477 U.S. 317, 322–24 (1986). If, and only if, the moving party meets its burden, then the non-moving party must produce specific evidence to rebut the moving party's claim and create a genuine dispute of material fact. MEMC, 420 F.3d at 1373; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). If the non-moving party meets this burden, then the motion will be denied. See generally Bose Corp. v. JBL, Inc., 274 F.3d 1354, 1360 (Fed. Cir. 2001).

---

[1] "In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." L.R. 56-3.

[2] Rule 56 was amended in 2010. Subdivision (a), as amended, "carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word — genuine 'issue' becomes genuine 'dispute.'" Fed. R. Civ. P. 56, Notes of Advisory Committee on 2010 amendments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 18-620 JVS(JDEx)                                    Date  December 13, 2018

Title    **Glaukos Corp. v. Ivantis, Inc.**

### III. Discussion

Federal Rule of Civil Procedure 56(d) provides that "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." A district court should generally rule on a party's Rule 56(d) request before ruling on the merits of a summary judgment motion. See Garrett v. City & Cty. of S.F., 818 F.2d 1515, 1518–19 (9th Cir. 1987).³ A court may deny the request if further discovery would not impact the summary judgment ruling. Bank of Am., NT & SA v. PENGWIN, 175 F.3d 1109, 1118 (9th Cir. 1999).

A party seeking relief under Rule 56(d) must show "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." Family Home and Finance Ctr., Inc. v. Federal Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008) (citation omitted). Failure to comply with these requirements is grounds for denying discovery and proceeding to summary judgment. Id. "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." Chance v. Pac-Tel Teletrac Inc., 242 F.3d 1151, 1161 n.6 (9th Cir. 2001). "Bare allegations or vague assertions of the need for discovery are not enough" to satisfy the Rule 56(d) standard. Livingston v. 3M Co., No. 2:12-cv-01220-SVW-DTB, 2013 WL 12129394, at *11 (C.D. Cal. July 11, 2013) (internal quotation marks omitted). Furthermore, "[d]iligence in seeking discovery is required before relief may be granted pursuant to Rule 56(d)." Russell v. Aurora Bank, FSB, No. SACV 13-852 JVS (ANx), 2014 WL 12603076, at *2 (C.D. Cal. Sept. 19, 2014) (Selna, J.) (citing Panatronic USA v. AT&T Corp., 287 F.3d 840, 846 (9th Cir. 2002)).

Ivantis argues first that the Court should defer summary judgment at this

---

³ Garrett refers to Rule 56(f), which at the time governed requests for continuances on summary judgment. Fed. R. Civ. P. 56, Advisory Committee Notes, 2010 Amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-620 JVS(JDEx) | Date | December 13, 2018 |
| Title | **Glaukos Corp. v. Ivantis, Inc.** | | |

"preliminary stage" of discovery . 56(d) Mot., Docket No. 64-1 at 9. However, summary judgment is appropriately heard early in the discovery process and prior to a full Markman hearing where further discovery would not be material to summary judgment. See, e.g., Pazandeh v. Yamaha Corp. of Am., No. 16-01849 JVS (DFMx), 2017 WL 6940551, at *9 (C.D. Cal. July 25, 2017); Universal Electronics, Inc. v. Logitech, Inc., No. SACV 11-01056-JVS (ANx), 2012 WL 13028642, at *12 (C.D. Cal. May 9, 2012); Stern v. Sequal Techs., Inc., 840 F. Supp. 2d 1260, 1274 (W.D. Wash. 2012). Ivantis does not cite any case law to the contrary; rather, the cases upon which Ivantis relies to argue that summary judgment is premature concerned situations in which a party had been deprived of essential discovery. See Baron Servs., Inc. v. Media Weather Innovations LLC, 717 F.3d 907, 913–14 (Fed. Cir. 2013) (nonmovant had not had a chance to examine source code, made specific showing of what it expected to find in the code, and how such information would defeat summary judgment); Seismic Structural Design Assoc., Inc. v. Gensler, No. 11-cv-04472 SJO (SSx), 2013 WL 12122303, at *10 (C.D. Cal. Jan. 17, 2013) (defendant moved for summary judgment of invalidity before any discovery); Essociate, Inc. v. Voom Media Corp., No. SACV 12-02156 JVS (MLGx), 2013 WL 12085839, at *2 (C.D. Cal. Aug. 15, 2013) (nonmovant offered specific explanation of facts sought and how they would show infringement). Therefore, the key issue is whether Ivantis has met its burden of identifying facts likely to be revealed through further discovery which are essential to its opposition to Glaukos's motion for summary judgment.

As noted, to defer summary judgment under Rule 56(d), the nonmovant must identify "specific facts he hopes to elicit from further discovery" and show that "the facts sought not only exist but are essential to oppose summary judgment." Amgen Inc. v. Sandoz Inc., 295 F. Supp. 3d 1062, 1070 (N.D. Cal. 2017). Therefore, the nonmovant must demonstrate a "plausible basis for believing that additional discovery would reveal" the information sought. Accent Packaging, Inc. v. Leggett & Platt, Inc., 707 F.3d 1318, 1328 (Fed. Cir. 2013). On a motion for summary judgment of noninfringement, the nonmovant must show the facts sought are "material to the finding of noninfringement." Amgen, 295 F. Supp. 3d at 1071.

Ivantis lists seven categories of information sought: (1) whether and how

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-620 JVS(JDEx) | Date | December 13, 2018 |
| Title | **Glaukos Corp. v. Ivantis, Inc.** | | |

Glaukos designed the Inject to avoid irritating or inflaming the outer wall of Schlemm's canal; (2) the data, documents, and things within Glaukos's possession, custody, or control relating to the position of the Inject within Schlemm's canal and the trauma that the Inject causes to the outer wall of the canal when implanted; (3) whether and how the Inject would function if its central outlet were perpetually obstructed by tissue, and why Glaukos allegedly designed the Inject to function in this manner; (4) Glaukos's involvement in preparing, approving, or using the YouTube animation in Ivantis's opposition, and any other materials that depict or describe the Inject as not impinging the outer wall of Schlemm's canal; (5) the identities of Glaukos employees and affiliates involved in designing the Inject and/or knowledgeable of its position within Schlemm's canal, and the information they possess on these subjects; (6) whether and how the dimensions of Schlemm's canal are affected by implantation of the Inject; and (7) whether and how fluid dynamics affect the placement and utility of the Inject, including its relation to the outer wall of Schlemm's canal.  Krishnan Decl. ¶ 35.  Ivantis also argues that it has received incomplete production on requests for documents relating to the Inject's design history, the structure, function, and intended use of the Inject, publications discussing the Inject, and competitive analysis, clinical trials, and testing of the Inject.  Id. ¶ 29.

Glaukos has already produced specifications of the Inject, relevant scientific articles, early internal design documents, the Inject Directions for Use, the Inject surgeon training materials, the fluid dynamics modelling for the Inject, and all known images of actual Inject devices in human eyes showing the relationship of the device to the outer wall of Schlemm's canal.  Glasser 56(d) Decl. ¶¶ 9–11, Ex. 2; Glasser Decl., Exs. D, E.  Furthermore, information about clinical trials and testing is available from Glaukos's website, the FDA website, and publically-available medical journals.  See Glasser 56(d) Decl. ¶ 14; Krishnan Decl., Ex. 15.

The Court is persuaded that further discovery responsive to Glaukos's motion likely exists which is essential to Ivantis's opposition.  At the hearing, Ivantis argued that further discovery concerning the design and development of the Inject as related to Ivantis's infringement claims likely exists given that the Inject was developed for years, has had two different design iterations, and was approved by the FDA.  The Court agrees.  At a minimum, Ivantis should be granted the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-620 JVS(JDEx) | Date | December 13, 2018 |
| Title | Glaukos Corp. v. Ivantis, Inc. | | |

opportunity to depose individuals affiliated with Glaukos with knowledge of the design and development process of the Inject as related to the claims at issue. In addition, Ivantis should be able to depose individuals with knowledge of the sources of relevant information, e.g., the YouTube video Ivantis purports to use in opposition to Glaukos's arguments in favor of non-infringement. The Court finds that Ivantis has demonstrated a plausible basis for the belief that essential facts to its opposition exist and are likely to be revealed through further discovery. See Accent Packaging, 707 F.3d at 1328. Therefore, Glaukos's motion for summary judgment is premature.

Accordingly, Ivantis's request to defer summary judgment pursuant to Rule 56(d) is granted.

### IV. CONCLUSION

For the foregoing reasons, the Court **denies** Glaukos's motion for summary judgment of non-infringement without prejudice and **grants** Ivantis's motion to defer summary judgment.

Glaukos's motion is continued for **90 days** to **March 11, 2019** at 1:30 p.m. Ivantis shall make any further filing by February 25, 2019; Glaukos may file a reply not later than March 4, 2019.

Pending resolution of Glaukos's motion for summary judgment of non-infringement, the Court **vacates** the claim construction briefing schedule and April 15, 2019 claim construction hearing date as set in the Case Schedule at Docket No. 51.

**IT IS SO ORDERED.**

| | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |