UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:18-cv-00620-JVS (JDEx) | Date | January 24, 2019 |
|---|---|---|---|
| Title | Glaukos Corporation v. Ivantis, Inc. | | |

Present: The Honorable   John D. Early, United States Magistrate Judge

| Maria Barr | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| n/a | n/a |

**Proceedings:**   Order re Motion to Compel (Dkt. 82)

## I.
## BACKGROUND

On April 14, 2018, Plaintiff Glaukos Corporation ("Glaukos") filed a Complaint for Patent Infringement against Defendant Ivantis, Inc. ("Ivantis") alleging a medical device manufactured by Ivantis infringes on two patents owned by Glaukos. Dkt. 1.

On January 3, 2019, Glaukos filed a Motion to Compel Further Response by Ivantis to certain Requests for Production. Dkt. 82 (the "Motion"). The Motion was supported by a Joint Stipulation (Dkt. 82-1, "Jt. Stip."), Declarations from counsel for the parties, and exhibits, including a sealed exhibit. Dkt. 82-2 to 82-13, 84-1 (under seal). On January 10, 2019, the parties each separately filed a Supplemental Memorandum. Dkt. 93 ("Glaukos's Supp. Mem.") and Dkt. 95 ("Ivantis's Supp. Mem.").

The Motion was heard on January 24, 2019. After hearing the arguments of counsel, the Court took the Motion under submission. For the reasons set forth below, the Court grants the Motion, in part, and denies the Motion, in part.

## II.
## RELEVANT LAW

Under the Federal Rules of Civil Procedure ("Rules" or singularly, "Rule"), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:18-cv-00620-JVS (JDEx) | Date | January 24, 2019 |
|---|---|---|---|
| Title | Glaukos Corporation v. Ivantis, Inc. | | |

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

Under Rule 34(a)(1), a party may serve on any other party requests, within the scope of Rule 26(b), to produce or permit inspection of, among other things, "(A) any designated documents or electronically stored information." Such requests "must describe with reasonable particularity each item or category of items to be inspected . . . [and] must specify a reasonable time, place, and manner for the inspection . . .." Rule 34(b)(1)(A), (B). The party responding to a request for production must, "[f]or each item or category, . . . either state that inspection . . . will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Rule 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Rule 34(b)(2)(C). To the extent a responding party states it will produce copies of documents or electronically stored information, such production "must then be completed by no later than the time for inspection specified in the request or another reasonable time specified in the response." Rule 34(b)(2)(B).

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002); Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998); see also United States v. McGraw–Hill Cos., 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014) ("Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance. In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." (citation and internal quotation marks omitted)). "[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections." A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (citing Paulsen v. Case Corp., 168 F.R.D. 285, 289 (C.D. Cal. 1996)).

### III.
### DISCUSSION

A. Issue No. 1: Resolved by Agreement of the Parties

Issue No. 1 of the Joint Stipulation relates to Ivantis's limitation its responses to Requests for Production Nos. 27 and 28 to facilities located in the United States. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:18-cv-00620-JVS (JDEx) | Date | January 24, 2019 |
|---|---|---|---|
| Title | Glaukos Corporation v. Ivantis, Inc. | | |

parties reached an agreement at the hearing by which Ivantis agreed to prepare and produce to Glaukos within 21 days, a spreadsheet that contains the names, locations, timeframes, and roles of Ivantis's product/component manufacturer(s), import/export agent(s), if any, assembler(s), and distributor(s) located outside of the United States. Due to the agreement reached by the parties, Issue No. 1 is now moot except to the extent a dispute arises regarding compliance with the agreement.

 B. <u>Issue Nos. 2 and 3: Requests for Production Nos. 29, 31 and 39</u>

At the hearing, counsel for Glaukos clarified that the documents sought by way of the Motion with respect to Issues Nos. 2 and 3 relating to Requests for Production Nos. 29, 31, and 39 is a subset ("the Subset") described in bullet point two of item number two in Glaukos's Proposed Order filed with the Motion (Dkt. 82-14), specifically:

> E-mails and other documentation of Ivantis's plans to compete for Glaukos customers, including without limitation all documents regarding contact by Ivantis with Glaukos customers, and internal discussions regarding Glaukos's customers, volumes, and pricing. For avoidance of doubt, this includes without limitation Ivantis communications with the Glaukos customers identified in Ivantis's Board of Directors Presentation (IVNTS_00020338), internal discussions about how to target these and other current Glaukos customers, and emails or other communications to or from the two Ivantis salespersons that Ivantis recently hired from Glaukos (Mr. Olson and Mr. Gregory).

At the hearing, counsel for Glaukos also clarified that the Subset was intended to be interpreted as a subset of the documents responsive to Request for Production No. 39. The text of Request for Production No. 39 and the Response thereto is set forth below:

> **REQUEST FOR PRODUCTION NO. 39**: All documents and communications referring or relating to Glaukos, this lawsuit, any Glaukos Patents-in-Suit, or any inventor of the Glaukos Patents-in-Suit.
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 39**: Ivantis incorporates its general objections. Ivantis objects to this Request to the extent it seeks "All" documents as overly broad and unduly burdensome, and disproportional to the needs of the case. Ivantis objects to this Request to the extent it seeks "[a]ll documents and communications referring or relating to Glaukos" as overly broad, unduly burdensome, and disproportional to the needs of the case. Ivantis also objects to the extent this Request seeks

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:18-cv-00620-JVS (JDEx) | Date | January 24, 2019 |
|---|---|---|---|
| Title | Glaukos Corporation v. Ivantis, Inc. | | |

information subject to the attorney-client privilege, work product doctrine, and/or other applicable privilege. Subject to the foregoing objections, Ivantis invites Glaukos to meet and confer concerning the proper scope of this Request, if any.

Glaukos argues that the Subset seeks relevant documents and is proportional to the needs of the case because it bears upon Ivantis's alleged attempts to leverage an improper use of patented technology to gain a marketplace advantage. See Jt. Stip. at 13; Glaukos's Supp. Mem at 4-5. At the hearing, Ivantis reiterated its objections set forth in its Response to Request for Production No. 39, arguing that even as narrowed to refer only to the Subset, the request remains overly broad, unduly burdensome and not proportionate to the needs of the case. In particular, Ivantis argued that requiring it to search, salesperson by salesperson, for, among other things, "all documents regarding contact by Ivantis with Glaukos customers" would impose an undue and disproportionate burden on it.

As an initial matter, the parties appeared to agree at the hearing that Request for Production No. 39 itself was facially overbroad, including its reference to "this lawsuit." Although the Court appreciates and encourages parties to work together to attempt to narrow disputed discovery requests to resolve disputes, here, the narrowing by way of the Subset did not fully accomplish the goal. One difficulty stems from the fact that the language of the Subset differed from other attempts to narrow the issues, including in a meet and confer letter and in the Glaukus's Supplemental Memorandum; further, at the hearing, the Subset required further clarification.

In addition, the Subset substantively remains overly broad and disproportionate to the needs of the case, and does not identify documents or categories with reasonable particularity. Accepting Glaukos' proffer of relevance, a request seeking "without limitation all documents relating to contact by Ivantis with Glaukos customers," is overly broad because, among other reasons, it is not tethered to any subject matter or limitation regarding the nature or reason for the contact. A requirement that Ivantis search its files for any and all documents "relating to" any contact with a Glaukos customer would impose a disproportionate burden upon Ivantis.

However, a request seeking "E-mails and other documentation of Ivantis's plans to compete for Glaukos customers," expressly including a requirement to search the emails or other communications to or from the two former Glaukos salespeople hired by Ivantis (Messrs. Golson and Gregory) for responsive documents, is stated with reasonable particularity and is properly tailored and proportional to the needs of the case. As Ivantis

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:18-cv-00620-JVS (JDEx) | Date | January 24, 2019 |
|---|---|---|---|
| Title | Glaukos Corporation v. Ivantis, Inc. | | |

represents that it has already agreed to produce sales plans and marketing plans (Ivantis's Supp. Mem. at 2), such a request would not impose an undue burden on Ivantis. The Court finds that this language of the Subset is appropriate and does constitute a subset of Request for Production No. 39.

As a result, the Court grants the Motion as to a subset of the Subset. In particular, Ivantis is ordered to produce to Glaukos, within 21 days from the date of this Order, all emails and other documents relating to any plan or plans by Ivantis to compete for Glaukus's customers (within the time period requested in Glaukus's Requests for Production) that are in Ivantis's possession, custody, or control. A reasonably diligent search shall include a search of the email or other communication records of Glaukos salespersons Mr. Olson and Mr. Gregory. In requiring production within 21 days, the Court has considered Glaukos's request for 15 days and Ivantis's request for 30 days, and finds, considering, among other things, the current status of the case and the narrowed scope of the items ordered produced by this Order, and finds that 21 days is an appropriate deadline.

## IV.
## CONCLUSION

As a result, the Motion is GRANTED, in part. Within 21 days from the date of this Order, Ivantis shall serve upon counsel Glaukos the following:

1. A spreadsheet that contains the names, locations, timeframes, and roles of Ivantis's product/component manufacturer(s), import/export agent(s), if any, assembler(s), and distributor(s) located outside of the United States; and
2. All emails and other documents relating to any plan or plans by Ivantis to compete for Glaukus's customers (within the time period requested in Glaukus's Requests for Production) that are in Ivantis's possession, custody, or control. Ivantis's reasonably diligent search for responsive documents shall include a search of the email or other communication records of former Glaukos and current Ivantis salespersons Mr. Olson and Mr. Gregory.

IT IS SO ORDERED.

Initials of Clerk: mba