| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>ROBERT A. VAN NEST - # 84065<br>rvannest@keker.com<br>DAVID SILBERT - # 173128<br>dsilbert@keker.com<br>LEO L. LAM - # 181861<br>llam@keker.com<br>AJAY S. KRISHNAN - # 222476<br>akrishnan@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:  415 391 5400<br>Facsimile:   415 397 7188<br><br>Attorneys for Defendant<br>IVANTIS, INC. | ARNOLD & PORTER KAYE SCHOLER LLP<br>John Ulin - # 165524<br>john.ulin@arnoldporter.com<br>777 South Figueroa St, 44th Floor<br>Los Angeles, CA 90017-5844<br>Telephone:  213.243.4228<br>Facsimile:   213.243.4199<br><br>ARNOLD & PORTER KAYE SCHOLER LLP<br>John Nilsson (*admitted pro hac vice*)<br>john.nilsson@arnoldporter.com<br>601 Massachusetts Avenue, NW<br>Washington, DC 20001-3743<br>Telephone:  202.942.5000<br>Facsimile:   202.942.5999 |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION-SANTA ANA

| | |
|---|---|
| GLAUKOS CORPORATION, a Delaware Corporation,<br><br>       Plaintiff,<br><br>v.<br><br>IVANTIS, INC., a Delaware Corporation,<br><br>       Defendant. | Case No. 8:18-cv-00620-JVS-JDE<br><br>**DECLARATION OF DAVID SILBERT IN SUPPORT OF IVANTIS'S SUPPLEMENTAL OPPOSITION TO GLAUKOS'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT (BERLIN PATENTS)**<br><br>Date: March 11, 2019<br>Time: 1:30 p.m.<br>Courtroom: 10C<br>Judge: Hon. James V. Selna<br><br>Date Filed:  April 14, 2018<br>Trial Date:  February 4, 2020 |

**REDACTED VERSION OF**

**DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

1  I, David Silbert, declare as follows:

2  1.  I am a partner with the law firm of Keker, Van Nest & Peters LLP, located at 633 Battery Street, San Francisco, California, 94111, counsel for Defendant, Ivantis, Inc. ("Ivantis"). I am licensed to practice law in the State of California. I make this declaration in support of Ivantis's Supplemental Opposition to Glaukos's Motion for Summary Judgment of Non-Infringement (Berlin Patents). I have personal knowledge of the facts set forth herein and with the proceedings in this case, and if called to testify as a witness thereto, I would do so competently under oath.

2.  Attached hereto as **Exhibit 1** is a true and correct copy of an email ▮▮▮▮▮▮▮▮▮▮ and produced in this litigation as GKOS00034754 - GKOS00034760 (Haffner Deposition Exhibit 8)

3.  Attached hereto as **Exhibit 2** is a true and correct copy of a native document slip sheet for a video produced by Glaukos in this litigation as GKOS00034058 (Haffner Deposition Exhibit 3). The video will be lodged with the Court.

4.  Attached hereto as **Exhibit 3** is a true and correct copy of a native document slip sheet for a video produced by Glaukos in this litigation as GKOS00034056 (Haffner Deposition Exhibit 5). The video will be lodged with the Court.

5.  Attached hereto as **Exhibit 4** is a true and correct copy of excerpts of the Glaukos 30(b)(6) deposition of David Haffner, dated February 12, 2019.

6.  Attached hereto as **Exhibit 5** is a true and correct copy of a document titled "▮▮▮▮▮▮▮▮▮▮" produced in this litigation as GKOS00034061 - GKOS00034074 (Haffner Deposition Exhibit 6).

7.  Attached hereto as **Exhibit 6** is a true and correct copy of a publication authored by Hady Saheb titled "Micro-invasive Glaucoma Surgery:

1

Current Perspectives and Future Directions" and produced in this litigation as GKOS00034732 - GKOS00034740.

8. Attached hereto as **Exhibit 7** is a true and correct copy of a video produced by Rendia, formally known as Eyemaginations, in this litigation on February 22, 2019, and Bates numbered RENDIA00000003. The video will be lodged with the Court.

9. Attached hereto as **Exhibit 8** is a true and correct copy of an email ▮▮▮▮▮ and produced in this litigation as GKOS00034075 (Haffner Deposition Exhibit 7).

10. Attached hereto as **Exhibit 9** is a true and correct copy of Richard A. Hill's bio from the Crunchbase.com web site, accessed February 21, 2019.

11. Attached hereto as **Exhibit 10** is a true and correct copy of a placeholder slip sheet for a YouTube video titled "iStent Inject Surgical Procedure Animation 2" available at https://youtu.be/p-6jueo_Jg. The video will be lodged with the Court.

12. Attached hereto as **Exhibit 11** is a true and correct copy of a document titled ▮▮▮▮▮" produced in this litigation as GKOS00016132 - GKOS00016160 (Haffner Deposition Exhibit 9).

13. Attached hereto as **Exhibit 12** is a true and correct copy of an email ▮▮▮▮▮ and produced in this litigation as GKOS00038582 - GKOS00038597.

14. Attached hereto as **Exhibit 13** is a true and correct copy of a document titled ▮▮▮▮▮ and produced in this litigation as GKOS00030159 - GKOS00030513 (Haffner Deposition Exhibit 12).

15. Attached hereto as **Exhibit 14** is a true and correct copy of a document titled "iStent *Inject*" and produced in this litigation as GKOS00007846 - GKOS00007851.

16. Attached hereto as **Exhibit 15** is a true and correct copy of a document titled "███████████████" and produced in this litigation as GKOS00039851 - GKOS00039866 (Haffner Deposition Exhibit 11).

17. Attached hereto as **Exhibit 16** is a true and correct copy of Defendant and Counterclaimant Ivantis Inc.'s Patent L.R. 4-2 Disclosure of Preliminary Claim Constructions and Extrinsic Evidence (Berlin Patents), dated January 4, 2019.

18. Attached hereto as **Exhibit 17** is a true and correct copy of Plaintiff and Counter-Defendant Glaukos Corporation's Preliminary Claim Constructions Pursuant to Patent Local Rule 4-2 (Berlin Patent Terms), dated January 4, 2019.

19. Attached hereto as **Exhibit 18** is a true and correct copy of Defendant Ivantis, Inc.'s Disclosure of Proposed Terms for Construction.

20. Attached hereto as **Exhibit 19** is a true and correct copy of a document titled "███████████████████████" and produced in this litigation as GKOS00019333 - GKOS00019369.

21. Attached hereto as **Exhibit 20** is a true and correct copy of a document titled "███████████████████████" and produced in this litigation as GKOS00019692 - GKOS00019701.

22. Attached hereto as **Exhibit 21** is a true and correct copy of a document titled "███████████████" and produced in this litigation as GKOS00037229 - GKOS00037265.

23. Attached hereto as **Exhibit 22** is a true and correct copy of a document titled ███████████████ and produced in this litigation as GKOS00019389 - GKOS00019398.

24. Attached hereto as **Exhibit 23** is a true and correct copy of excerpts of a document titled "███████████████████████████████████" and produced in this litigation as GKOS00023937 - GKOS00024656.

25. Attached hereto as **Exhibit 24** is a true and correct copy of a document from the Glaukos website titled "Patents" available at https://www.glaukos.com/patents/.

26. Attached hereto as **Exhibit 25** is a true and correct copy of U.S. Patent No. 9,554,940 issued to David Haffner, et al on January 31, 2017.

27. Attached hereto as **Exhibit 26** is a true and correct copy of a document titled "█████████" and produced in this litigation as GKOS00015105 - GKOS00015106.

28. Attached hereto as **Exhibit 27** is a true and correct copy of a document titled "██████████████████████" and produced in this litigation as GKOS00036735 - GKOS00036789.

29. Attached hereto as **Exhibit 28** is a true and correct copy of a document titled "██████████" and produced in this litigation as GKOS00037205 - GKOS00037221.

30. Attached hereto as **Exhibit 29** is a true and correct copy of a document titled "████████████████████████████████" and produced in this litigation as GKOS00040197 - GKOS00040212 (Haffner Deposition Exhibit 13).

31. Attached hereto as **Exhibit 30** is a true and correct copy of Plaintiff Glaukos Corporation's Responses to Ivantis, Inc.'s Fourth Set of Requests for Production (Nos. 114-124), dated February 11, 2019. Request Numbers 123 and 124 relate to Glaukos's U.S. Patent No. 9,962,290—and specifically how the flow of aqueous humor through glaucoma stents affects surrounding tissue. In response to each request, Glaukos objected (among other objections) "to the extent it seeks discovery relating to technology or products not at issue in this case, including

4

technology that is used in a different part of the eye." *See, e.g.*, Exhibit 30 at pp. 11, 12.  Glaukos noted only that it "has already conducted a reasonable search for and produced documents regarding the rate or location of flow through the iStent *inject*®, as well as documents regarding the effect of the iStent *inject*® on the outer wall of Schlemm's canal"—refusing to produce documents on other, related glaucoma stents.  Even after my colleague Sophie Hood emailed Glaukos's counsel about the significance of these documents to the pending summary judgment, Glaukos refused to produce documents in response to these Requests.

32.  Attached hereto as **Exhibit 31** is a true and correct copy of an email ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and produced in this litigation as GKOS00035579 - GKOS00035586 (Haffner Deposition Exhibit 14).

33.  Attached hereto as **Exhibit 32** is a true and correct copy of a document titled ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" and produced in this litigation as GKOS00035592 - GKOS00035594 (Haffner Deposition Exhibit 15).

34.  Attached hereto as **Exhibit 33** is a true and correct copy of a publication authored by Murray A. Johnstone. MD titled "The Aqueous Outflow System as a Mechanical Pump" and produced in this litigation as GKOS00036173 - GKOS00036190.

35.  Attached hereto as **Exhibit 34** is a true and correct copy of an email ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and produced in this litigation as GKOS00035130 - GKOS00035134.

36.  Attached hereto as **Exhibit 35** is a true and correct copy of an email ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and produced in this litigation as GKOS00035048 - GKOS00035052.

37. Attached hereto as **Exhibit 36** is a true and correct copy of an email ███████████████████████████ and produced in this litigation as GKOS00035089 - GKOS00035099.

38. Attached hereto as **Exhibit 37** is a true and correct copy of a publication authored by F. Hoffman and L. Dumitrescu titled "Schlemm's Canal Under the Scanning Electron Microscope."

39. Attached hereto as **Exhibit 38** is a true and correct copy of U.S. Patent No. 6,638,239 issued to Olav B. Bergheim, et al. on October 28, 2003 and produced in this litigation as IVNTS_00011686 - IVNTS_00011702.

40. Attached hereto as **Exhibit 39** is a true and correct copy of a document titled "█████████████████████" and produced in this litigation as GKOS00016161 - GKOS00016204 (Haffner Deposition Exhibit 10).

41. Attached hereto as **Exhibit 40** is a true and correct copy of a document titled "█████████████████████████████████████" and produced in this litigation as GKOS00037549 - GKOS00037551.

42. Attached hereto as **Exhibit 41** is a true and correct copy of a document titled ██████████████████████████████████████████████" and produced in this litigation as GKOS00037581 - GKOS00037647.

43. Attached hereto as **Exhibit 42** is a true and correct copy of a placeholder slip sheet for a video titled "How iStent Inject Works" available at https://www.glaukos.com/istent-inject-procedure/how-istent-inject-works/. The video will be lodged with the Court. The animation includes a faint "Rendia" logo in the lower right corner (visible with full-screen view). As explained on Rendia's web site, Rendia was formerly known as Eyemaginations. *See* Rendia, https://get.rendia.com/meet-us/ ("Eyemaginations is now Rendia.").

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed in California, this 25th day of February, 2019.

_____
DAVID SILBERT