UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-620 JVS (JDEx) | Date | July 30, 2020 |
| Title | Glaukos Corporation v. Ivantis, Inc. | | |

Present: The Honorable     **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**    [IN CHAMBERS] Order Regarding Motion for Reconsideration

    Defendant Ivantis, Inc. ("Ivantis") moved for reconsideration of the Court's June 17, 2020 Order granting Plaintiff Glaukos Corporation's ("Glaukos's") motion for an adverse inference instruction. Mot., Dkt. No. 733 (sealed version at Dkt. No. 736). Glaukos opposed. Opp'n, Dkt. No. No. 745 (sealed). Ivantis replied. Reply, Dkt. No. 754 (sealed version at Dkt. No. 756).

    For the following reasons, the Court **DENIES** the motion.

### I. BACKGROUND

    Glaukos filed this action for patent infringement against Ivantis on April 14, 2018. Complaint, Docket No. 1. Glaukos asserts two patents: (1) U.S. Patent No. 6,626,858 ("the '858 patent"), and (2) U.S. Patent No. 9,827,143 ("the '143 patent") (collectively, the "Asserted Patents"). Id., Exs. A, B. The Asserted Patents disclose inventions relating to the treatment of glaucoma. See id. Glaukos alleged "[t]he infringing Ivantis product is a medical device known as the Hydrus Microstent ('Hydrus')." Id. ¶ 1.

    Ivantis maintained a document policy that automatically deletes emails after 12 months; it instituted this policy in 2013. Declaration of Lisa Glasser ("Glasser Decl."), Exs. 49, 61; Declaration of David Van Meter ("Van Meter Decl.") ¶ 3. Ivantis claims it instituted its email policy to alleviate burdens on its IT systems. Van Meter Decl. ¶¶ 2-4. It is impossible for Ivantis to recover any emails that were deleted. Glasser Decl., Ex. 14. Ivantis made no effort to preserve documents related to Glaukos before Glaukos filed suit in April 2018. Glasser Decl., Exs. 2, 10, 15. Ivantis instituted a litigation hold on April

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-620 JVS (JDEx) | Date | July 30, 2020 |
| Title | **Glaukos Corporation v. Ivantis, Inc.** | | |

19, 2018.  Van Meter Decl. ¶ 5.  Thus, emails as of April 19, 2017 were not subject to the mandatory deletion policy.  Id.

Glaukos filed its motion for an adverse-inference instruction and exclusion, based on Ivantis's alleged spoliation of evidence, on March 23, 2020.  Dkt. No. 413 (sealed version at Dkt. No. 429-7).  Ivantis opposed.  Dkt. No. 495 (sealed version at Dkt. No. 509).  Glaukos replied.  Dkt. No. 526 (sealed version at Dkt. No. 541).  On June 17, 2020, the Court granted Glaukos's motion.  Order, Dkt. No. 725 (sealed).  The Court found that Ivantis actually foresaw litigation at least by the beginning of 2017, if not earlier.  Id. at 7.  Therefore, the Court reasoned, "even if Ivantis's policy supported the annual, automatic deletion of emails, Ivantis was required to cease deleting emails once the duty to preserve attached."  Id. at 8.  "Since Ivantis acknowledges that it did not cease its email policy, the Court finds that the evidence supports a finding of spoliation and that the Court may impose sanctions."  Id. Glaukos suffered prejudice from being deprived of emails that likely would have been probative to the claims at issue in this action.  Id. at 9.

The finding most relevant to the instant motion was that the Court may infer an intent to deprive Glaukos of the relevant emails from Ivantis's actions, including its institution of the email deletion policy in 2013, the same year it retained patent litigation counsel.  Id. at 10.  The Court concluded that Glaukos's proposed jury instruction and preclusion sanction were appropriate, "given that Ivantis did not suspend its automatic email deletion policy even when litigation was reasonably foreseeable."  Id.

## II.  LEGAL STANDARD

### A.    Motion for Reconsideration

The grounds for reconsideration are set forth in Local Rule 7-18, which provides:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) *a manifest*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-620 JVS (JDEx) | Date | July 30, 2020 |
| Title | Glaukos Corporation v. Ivantis, Inc. | | |

*showing of a failure to consider material facts presented to the Court before such decision.* No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18 (emphasis added).[1] The Court has discretion in determining whether to grant a motion for reconsideration. See Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

"Under L.R. 7-18, a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent." Pegasus Satellite Television, Inc. v. DirecTV, Inc., 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004).

**B.    Spoliation**

Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." Kearney v. Foley & Lardner, LLP, 590 F.3d 638, 649 (9th Cir. 2009).

The obligation to preserve relevant evidence attaches when litigation is "pending or reasonably foreseeable." Sunrider Corp. v. Bountiful Biotech Corp., 2010 WL 4590766, at *29 (C.D. Cal. Oct. 8, 2010) (citing Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 216 (S.D.N.Y. 2003)); see also United States v. Kitsap Physicians Serv., 314 F.3d 995, 1001 (9th Cir. 2002) (finding no spoliation because the defendant was not on notice of a "future, specific" lawsuit). Courts in the Ninth Circuit generally agree that this duty is triggered "[a]s soon as a potential claim is identified." Apple, Inc. v. Samsung Elecs Co., 888 F. Supp. 2d 976, 991 (N.D. Cal. 2012) (citations omitted). This duty to preserve extends to evidence that parties knew or should have known was relevant or may be relevant to future litigation. Kitsap, 314 F.3d at 1001; Sunrider Corp., 2010 WL 4590766, at *29; see also Wm. T. Thompson v. Gen. Nutrition Corp., 593 F. Supp. 1443, 1455 (C.D. Cal. 1984.) ("Sanctions may be imposed against a litigant who is

---

[1] See also School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (reconsideration appropriate if the movant demonstrates clear error, manifest injustice, newly discovered evidence, or an intervening change in controlling law).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-620 JVS (JDEx) | Date | July 30, 2020 |
|---|---|---|---|
| Title | **Glaukos Corporation v. Ivantis, Inc.** | | |

on notice that documents and information in its possession are relevant to litigation, or potential litigation, or are reasonably calculated to lead to the discovery of admissible evidence, and destroys such documents and information."). Notably, a finding of bad faith is not required to justify a spoliation sanction. Glover v. BIC Corp., 6 F.3d 1318, 1329 (9th Cir. 1993).

"The court has broad discretion to fashion, on a case-by-case basis, an appropriate sanction for spoliation." Cyntegra, Inc. v. Idexx Laboratories, Inc., 2007 U.S. Dist. LEXIS 97417, at *4 (C.D. Cal. Sept. 21, 2007) (citing Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.3d 363, 367 (9th Cir. 1992). District courts may employ a variety of different sanctions in response to the spoliation of evidence, including monetary sanctions, evidentiary sanctions, civil contempt sanctions, and default judgment. See In re Napster, Inc. Copyright Litig., 462 F. Supp. 2d 1060, 1066 (N.D. Cal. 2006). However, the Court's "inherent powers must be exercised with restraint and discretion." Advantacare Health Partners v. Access IV, 2004 U.S. Dist. LEXIS 16835, at *12 (N.D. Cal. Aug. 17, 2004) (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980)). When selecting the appropriate sanction, the Court generally considers: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party." Apple, 888 F. Supp. 2d at 992 (citing Nursing Home Pension Fund v. Oracle Corp., 254 F.R.D. 559, 563 (N.D. Cal. 2008). Spoliation sanctions should be "commensurate to the spoliating party's motive or degree of fault in destroying the evidence." Cottle-Banks v. Cox Comm'ns, Inc., 2013 WL 2244333, at *13 (S.D. Cal. May 21, 2013) (quoting Apple, 888 F. Supp. 3d at 992-93). Therefore, the Court may deny a request for harsh sanctions when the "degree of fault and level of prejudice were insufficient to justify the imposition of the sanctions." Apple, 888 F. Supp. 2d at 993.

Rule 37(e) of the Federal Rules of Civil Procedure applies to the relief sought, and establishes the findings necessary to support certain curative measures for failure to preserve electronically stored information. This amendment "forecloses reliance on inherent authority or state law to determine when certain measures should be used" to address spoliation of electronically stored information. See Fed. R. Civ. P. 37(e), Advisory Committee Note to 2015 Amendment (emphasis added). Rule 37(e) recites the following:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 18-620 JVS (JDEx)   Date  July 30, 2020

Title   **Glaukos Corporation v. Ivantis, Inc.**

e) Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> (2) only upon finding that the party acted with the *intent* to deprive another party of the information's use in the litigation may:
>> (A) presume that the lost information was unfavorable to the party;
>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e) (emphasis added).

### III. DISCUSSION

Ivantis moves for reconsideration under Local Rule 7-18(c), contending that the Court "failed to consider material facts with respect to . . . the institution of Ivantis's email-retention policy, Ivantis's retention of outside counsel, and Ivantis's performance of routine patent diligence." Mot. at 4. The reconsideration motion "is directed specifically to the Court's finding that Ivantis intended to deprive Glaukos of the use of material evidence, and the accompanying adverse-inference instruction." Id. at 3.[2] Ivantis requests that the Court now find that three categories of evidence support a finding that Ivantis's deletion of emails did not reflect an "illicit motive" or an "intentional effort" to keep the evidence from Glaukos. See Oracle Am., Inc. v. Hewlett Packard Enter. Co., 328 F.R.D. 543, 549 (N.D. Cal. 2018).

First, Ivantis argues that the Court overlooked the "routine business reasons" why it adopted its email policy – to address "system-wide technical difficulties," that slowed its IT systems. Mot. at 5-6; see Declaration of David Van Meter, Dkt. No. 509-1 ¶ 3. Ivantis implemented an outside vendor's recommendation to delete emails older than 365

---

[2] The Court also issued a preclusion sanction, which Ivantis does not challenge in the instant motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 18-620 JVS (JDEx)                              Date  July 30, 2020

Title  **Glaukos Corporation v. Ivantis, Inc.**

days from the server in June 2013, and thus resolved the technical issues. Id. ¶ 4. This retention policy did not apply to certain documents, such as design, validation, testing, and manufacturing documents. Id. "Ivantis's preservation and production of relevant non-email evidence," it argues, is "inconsistent with an intent to deprive Glaukos of evidence in this litigation." Id. at 5. Based on these facts, Ivantis contends that the Court failed to consider these material facts in adopting Glaukos's proposed adverse-inference instruction, which states that "Ivantis anticipated patent infringement litigation from Glaukos, but nonetheless adopted and maintained a policy that deleted all company email after 12 months . . . ." Order at 10, n.4.

The Court did not fail to consider Ivantis's stated reasons for why it adopted its email deletion policy. Indeed, the Court considered Ivantis's rationale but concluded that Ivantis nevertheless failed to suspend the policy even when litigation was reasonably foreseeable, and inferred an intent to deprive Glaukos of the relevant emails from Ivantis's actions before it instituted the litigation hold. See Order at 10. The Court also considered and rejected Ivantis's argument that it still produced relevant documents other than the emails that were deleted. See id. at 9-10.

Second, Ivantis challenges the connection the Court drew between its retention of Arnold & Porter in 2013 and its adoption of the email policy. Mot. at 6-7. Ivantis points to its CEO's testimony that it did not bring the firm on because it was contemplating litigation. Glasser Decl., Ex. 10 (Van Meter Depo.) at 55:10-11. It also cites the firm's March 25, 2013 engagement letter, which states that Ivantis hired the firm "to provide legal services to it in connection with an analysis of certain patents owned by the Glaukos Corporation . . . in connection with Ivantis' Hydrus Microstent technology and certain Ivantis patents in connection with Glaukos' 'iStent' technology." Santacana Decl., Ex. E, Dkt. No. 702-7. The firm "agreed to perform the Analysis" for a fixed fee. Id. This engagement letter, Ivantis asserts, establishes that it engaged the firm merely to conduct "routine" analysis of the parties' patents and technology. Mot. at 7.

The Court did not fail to consider Ivantis's explanation for why it hired outside counsel. The Court cited Van Meter's deposition in stating that Ivantis "hired outside patent litigation counsel to conduct diligence related to Glaukos's patents." Order at 6. Later in the Order, the Court reasoned that "Ivantis's retention of outside counsel to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-620 JVS (JDEx) | Date | July 30, 2020 |
| Title | Glaukos Corporation v. Ivantis, Inc. | | |

perform due diligence, and its assertion of the work product privilege, reveal that it apprehended it would be sued." Id. at 7.

    Additionally, the 2013 engagement letter does not negate the reasonable foreseeability finding, and the attorneys listed in the letter went on to represent Ivantis in this litigation. See Dkt. No. 334. Indeed, as Glaukos noted in its original motion, Ivantis told a potential investor, in 2016, that it had retained a "top patent litigation firm." See Dkt. No. 429-7 at 5 (Glasser Decl., Ex. 40).

    Third, Ivantis argues that the Court failed to consider that it "did not assert work-product protection over any work performed by Arnold & Porter until 2018, five years after the policy was adopted." Id.; see Glasser Decl., Ex. 54. "In fact, Ivantis's privilege log does not assert work-product protection over any legal work performed by anyone until September 2017." See id.

    The Court did not fail to consider the import of the privilege log, or the timing of when Ivantis asserted the work product privilege. Indeed, the Court rejected Ivantis's argument that the work product entries were not related to this litigation, because "Ivantis does not point to other litigation that would justify asserting the work product privilege." Order at 7. The Order acknowledged that Ivantis "asserts the work product privilege over documents dating back to at least September 2017." Id. at 6.

    Taken together, Ivantis contends that these facts establish that it did not retain external counsel in 2013 in anticipation of litigation. Mot. at 7.

    The Court notes that it did not find intent based only on Ivantis's adoption of the email deletion policy, or its retention of outside counsel, or its assertion of the work product privilege over documents dating back to at least September 2017. See generally, Order. It was the "relevant sequence of events," including "actions taken by Ivantis, and various communications made by third parties to Ivantis," that demonstrated litigation was reasonably foreseeable before Ivantis instituted its litigation hold. Id. at 7-8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 18-620 JVS (JDEx)                                Date   July 30, 2020

Title      **Glaukos Corporation v. Ivantis, Inc.**

Ivantis's motion does not identify material facts the Court failed to consider in making the intent finding.³

An adverse-inference instruction remains appropriate. But one of Ivantis's objections regarding the phrasing of the instruction is well-taken. See Mot. at 6. The Court thus modifies the text of the instruction to read:

> Ivantis intentionally deleted and failed to preserve relevant evidence for this litigation. Ivantis anticipated patent infringement litigation from Glaukos, but *nonetheless maintained* a policy that deleted all company email after 12 months, resulting in the destruction of virtually all emails at Ivantis that pre-date April 2017, including emails specifically relating to the Glaukos Asserted Patents. You may presume from that destruction that the destroyed evidence was favorable to Glaukos and unfavorable to Ivantis, including on the issue of whether Ivantis willfully infringed the Asserted Patents.

This slight edit to Glaukos's proposed instruction, which eliminates the words "*adopted and*" before "*maintained*," recognizes that Ivantis likely had other justifications for adopting its email retention policy in 2013, even as subsequent events suggest that a litigant would view litigation as reasonably foreseeable after the email policy was instituted.

In the alternative, Ivantis requests that the Court defer issuing an adverse-inference instruction until the question of intent is resolved at trial. Mot. at 10-13. This issue was not raised when Ivantis opposed Glaukos's motion for the instruction, and is thus procedurally improper under Local Rule 7-18. Ivantis does not explain why it could not have brought this argument in the original briefing. See InfoSpan, Inc. v. Emirates NBD Bank PJSC, 2015 WL 13404114, at *3 (C.D. Cal. Aug. 10, 2015) ("[A] mere attempt by [the moving party] to reargue its position by directing this Court to additional . . . argument[s] which [it] clearly could have made earlier, but did not . . . is not the purpose

---

³ The Court declines to address Ivantis's references to case law, as a motion for reconsideration under Local Rule 7-19 "may not be made on the grounds that a party disagrees with the Court's application of legal precedent." Pegasus Satellite Television, 318 F. Supp. 2d at 981.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 18-620 JVS (JDEx)     Date July 30, 2020

Title **Glaukos Corporation v. Ivantis, Inc.**

of motions for reconsideration under Local Rule 7–18.") (internal citation and quotation marks omitted).[4]

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion.

The Court finds that oral argument would not be helpful in this matter and **vacates** the August 3, 2020 hearing. Fed. R. Civ. P. 78; L.R. 7-15. Additionally, the Court asks the parties to meet and confer and notify the Court which parts of the order should be redacted within **seven** days.

**IT IS SO ORDERED.**

: 0

Initials of Preparer    lmb

---

[4] Even if Ivantis had raised this argument earlier, the Court would still find that it is appropriate to decide the issue of intent ahead of trial. Indeed, the Advisory Committee Notes to Rule 37(e) explain that the finding of intent to deprive "may be made by the court when ruling on a pretrial motion." See Fed. R. Civ. P. 37 Advisory Committee Notes (2015 Amendment).