UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-00620 JVS (JDEx) | Date | Aug. 11, 2021 |
| Title | Glaukos Corporation v. Ivantis, Inc. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Ivantis's Motion to Narrow Asserted Claims for Trial**

Defendant Ivantis, Inc.'s ("Ivantis") filed a motion to limit the number of patent claims Plaintiff and Counter-Defendant Glaukos Corporation ("Glaukos") can assert at trial. Mot., Docket No. 773. Glaukos opposed, and Ivantis replied. Opp'n, Docket No. 775; Reply, Docket No. 778. The Court held a hearing at Glaukos's request on August 9, 2021.

For the following reasons, the Court **GRANTS** the motion.

## I. BACKGROUND

Glaukos filed this action for patent infringement against Ivantis on April 14, 2018. Complaint, Docket No. 1. Glaukos asserts two patents: (1) U.S. Patent No. 6,626,858 ("the '858 patent"), and (2) U.S. Patent No. 9,827,143 ("the '143 patent") (collectively, the "Asserted Patents"). Id., Exs. A, B. The Asserted Patents disclose inventions relating to the treatment of glaucoma. See id.

On September 23, 2019, Ivantis moved to limit Glaukos's asserted claims to 20 claims. Docket No. 266. At the time, Glaukos asserted 48 claims across the Asserted Patents. On October 18, 2019, the parties stipulated that Glaukos would narrow its asserted claims to 25 total claims, which the Court approved. Docket Nos. 300, 301. Subsequently, Glaukos dropped two claims. Mot. at 2; Opp'n at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-00620 JVS (JDEx) | Date | Aug. 11, 2021 |
| Title | Glaukos Corporation v. Ivantis, Inc. | | |

Glaukos currently asserts 23 claims across the Asserted Patents: claims 25-27, 37-38, 48, 52-54, 60-61, and 71 of the '858 patent, and claims 2, 4, 6, 12, 19-21, 25, 28, and 30-31 of the '143 patent (collectively, the "Asserted Claims"). Mot. at 2; Opp'n at 2. All of the Asserted Claims are dependent claims and depend from six independent claims.

On June 17, 2020, the Court issued an order addressing several of the parties' motions for summary judgement. Docket No. 726. In that order, the Court acknowledged that Ivantis represented that it would not contest infringement of Claims 4, 28, 30, and 31 of the '143 patent, found that Claim 30 of the '143 patent is valid, found a single triable issue regarding the validity of Claim 4 of the '143 patent, and found that Ivantis's accused products practice the "distal portion" and "proximal portion" elements in many of the Asserted Claims. Id. at 9-12, 14-23.

## II. DISCUSSION

The Court is not persuaded that Glaukos needs to assert 23 claims. In In re Katz, the Federal Circuit approved a district court order limiting the number of asserted claims "provided that more claims could be added if [the patentee] could show that the additional claims presented unique issues." 639 F.3d 1303, at 1312 (Fed. Cir. 2011). Glaukos bears the burden of showing good cause to assert additional claims. See Sherwin-Williams Co. v. PPG Indus., Inc., No. 17-1023, 2021 WL 1110568, at *6 (W.D. Pa. Mar. 23, 2021) (quoting Katz, 639 F.3d at 1313); see also Stamps.com Inc. v. Endicia, Inc., 437 F. App'x 897, 902 (Fed. Cir. 2011) (finding no abuse of discretion for refusing to grant motion to pursue additional claims where patentee "did not even attempt to make a good cause showing").

Glaukos argues that there are six "unique issues" that justify its 23 asserted claims: 1) the claims of the Asserted Patents have different expiration dates; 2) there is no dispute that some claims are infringed and/or invalid; 3) the dependent claims of the '858 patent each contain unique elements; 4) Ivantis's validity arguments differ for each claim, "including because the claims have different priority dates"; 5) allowing each of the claims allows for Glaukos "to present the full scope of Ivantis's copying of the '858 Patent" for willfulness; and 6) Ivantis's damages expert argues that damages should be "allocated according to the value of the individual patented features recited in the asserted claims[.]" Opp'n at 5-7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 18-00620 JVS (JDEx)                               Date   Aug. 11, 2021

Title   Glaukos Corporation v. Ivantis, Inc.

    Those "unique issues" do not justify 23 asserted claims. First, regarding the expiration dates of the Asserted Claims, Glaukos only identifies three distinct groups, one more than the number of Asserted Patents. Similarly, Glaukos's arguments regarding the priority dates only divides the claims into three further groups: the Dimensional Claims (Claims 37, 38, 60, and 61 of the '858 patent), the Trough Claims (Claims 48 and 71 of the '858 patent and Claims 19 and 21 of the '143 patent), and the others. See Docket No. 574 at 13-17. Second, that the parties and the Court have already addressed issues of infringement and validity for certain claims does not justify asserting additional claims. See VLSI Tech. LLC v. Intel Corp., No. 18-0966-CFC, 2020 WL 4437401, at *2 (D. Del. Aug. 3, 2020) ("[I]f due process required courts to allow plaintiffs to assert a claim merely because the claim presented a unique issue of infringement and/or validity, this District Court—in which plaintiffs routinely assert in hundreds of patent cases each year dozens of patents with dozens of claims—could not function.").

    Third, as Ivantis emphasizes, "[m]erely identifying 'different limitations' among the claims [of the '858 patent is] not sufficient to 'raise unique questions of infringement or invalidity.'" Reply at 4 (quoting Universal Elecs. Inc. v. Roku Inc., No. SACV 18-1580 JVS (ADx), 2019 WL 1878351, at *4 (C.D. Cal. Mar. 14, 2019)). Glaukos also concedes that many of the Asserted Claims involve overlapping limitations, undercutting its argument that each Asserted Claim is necessary to prove its willfulness case. Finally, Glaukos's damages expert asserts that the damages should be assessed on a patent-by-patent basis, and Ivantis's contention to the contrary does not justify Glaukos's assertion of additional claims.

    Nevertheless, the Court will not require Glaukos to limit the Asserted Claims to six total claims. The Court agrees that the parties cannot practically try 23 asserted claims across two patents to a jury, particularly given that Glaukos only proposes 12 hours per side for trial. Ivantis's request to limit the asserted claims to six total claims is unreasonable, though. This is not a case involving tangentially related patents; rather, this case involves two patents with significantly overlapping subject matter. Additionally, the accused product is the same for both patents, and the relevant functionality is similar for both as well. The parties also stipulated that Ivantis's accused product infringes four claims from the '143 patent, and if Glaukos reasonably chose to assert those four claims, it could assert at most two claims from the '858 patent. Further, all but two of the asserted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-00620 JVS (JDEx) | Date | Aug. 11, 2021 |
| Title | Glaukos Corporation v. Ivantis, Inc. | | |

claims from the '858 patent only limit the dimensions of previously recited elements to specific measurements. <u>See</u> '858 patent, Claims 25, 26, 27, 37, 38, 52, 53, 54, 60, 61.

The Court finds that limiting Glaukos to ten total claims strikes an appropriate balance. The Federal Circuit Advisory Counsel's Model Order proposes limiting the number of asserted claims to five claims per patent, not to exceed 16. <u>See</u> A Model Order Limiting Excess Patent Claims and Prior Art at 1-2, <u>available</u> at https://patentlyo.com/media/docs/2013/07/model-order-excess-claims.pdf (accessed on July 26, 2021).[1] Although the Court will not require Glaukos to pick five claims from each of the Asserted Patents, limiting Glaukos to ten total claims allows Glaukos to assert the four claims Ivartis does not dispute infringe plus six additional claims.

Accordingly, the Court orders Glaukos to limit the asserted claims to ten (10) total claims on or before August 16, 2021.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Ivantis's motion. The Court also **DENIES** Glaukos's request for an additional two weeks to limit its asserted claims.

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |

---

[1] The Federal Circuit Advisory Council's Model Order was previously posted on the Federal Circuit's website, but was later taken down to make clear that neither the court nor the advisory council "sponsor[s] or endorse[s]" the order. <u>See</u> Model Orders, <u>available</u> at http://www.cafc.uscourts.gov/sites/default/files/model_orders.pdf (accessed July 26, 2021).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 18-00620 JVS (JDEx)          Date  Aug. 11, 2021

Title  Glaukos Corporation v. Ivantis, Inc.