IRELL & MANELLA LLP
Lisa S. Glasser (223406)
lglasser@irell.com
David McPhie (231520)
dmcphie@irell.com
Stephen Payne (310567)
spayne@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

Morgan Chu (70446)
mchu@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Plaintiff
GLAUKOS CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| GLAUKOS CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>IVANTIS, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 8:18-cv-00620-JVS-JDE<br><br>**PRETRIAL CONFERENCE ORDER**<br><br>Date: September 13, 2021<br>Time: 11:00 a.m.<br>Courtroom: 10C<br>Judge: Hon. James Selna |

Following pretrial proceedings, pursuant to Fed. R. Civ. P. 16 and L.R. 16-7, IT IS ORDERED:

1.  The parties are:

    a.  Plaintiff Glaukos Corporation;

    b.  Defendant Ivantis, Inc.

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are: the claims asserted in Glaukos's Complaint (Dkt. 1) and the defenses asserted in Ivantis's First Amended Answer (Dkt. 47).[1]

2.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). Jurisdiction and venue are admitted.

3.  Trial will begin on September 28, 2021, and proceed from 9:00 a.m. to 4:30 p.m. Tuesday through Friday of each trial week.

4.  The parties have not agreed on the appropriate length of the trial.

    a.  **Glaukos's Position.** Glaukos estimates that the trial will take approximately **10-12 hours** per side (not including *voir dire*, opening statements, closing arguments, and jury instructions). There is only one accused product. The presentation of evidence will be very streamlined, as a result of prior summary judgment rulings and Ivantis's recent concessions of infringement. Three claims are now entirely undisputed for purposes of infringement, one is undisputed for purposes of both infringement and invalidity, and the others cumulatively have only a small number of open issues (primarily relating to basic issues like measurements). 10-12 hours is typical for case like this, including several recent trials

---

[1] The counterclaims included within Ivantis's First Amended Answer were dismissed. Dkt. 140.

in this district and throughout the country, most of which also involved willfulness, competitors, and materially higher damages than this case. The issues regarding invalidity are also not complex. Ivantis's suggestion that there are "numerous" prior art combinations is incorrect; indeed, several claims have only one theory remaining after *Daubert* and summary judgment and the theories for most claims substantially overlap. Ivantis's request of 18 hours is outside the norm for a case involving two family member patents and no counterclaims, and will unduly burden the jury and encourage waste of time and side-show detours on issues not relevant to the jury's decision.

b. **Ivantis's Position:** Ivantis requests 18 hours per side for the presentation of evidence. In light of the issues and especially the large damages award that Glaukos is seeking from a relatively small start-up, the 10-12 hours of time per side that Glaukos proposes is insufficient to permit Ivantis to present its defenses. Beyond evidence related to the claim elements and prior art, this case involves numerous issues that will consume additional trial time. For example, Glaukos has selected claims to assert that require numerous distinct prior art combinations to establish invalidity. And with respect to those invalidity combinations, Glaukos contests practically every single claim element, as well as motivation to combine. Glaukos has also advanced a sprawling set of theories and evidence relating to "secondary considerations," which will require time-consuming rebuttal. As another example, Glaukos asserts infringement by the doctrine of equivalents and willful infringement. It also seeks to prove at trial that two of its own products practice many of the still-asserted

claims. Glaukos's lost profits and royalty assessments are vigorously disputed as well, and will require evidence regarding the relevant market and the reasons why physicians choose the Hydrus rather than Glaukos products.

5. The Court has considered the positions of the parties regarding trial time and hereby orders that each side shall have ____ hours excluding *voir dire*, opening statements, closing arguments, and jury instructions.

6. The trial is to be a jury trial. The parties are to file and serve proposed jury instructions on September 21, 2021 as required by the Court's scheduling order. Dkt. 770.

7. The following facts are admitted and require no proof:

- Glaukos owns the '858 and '143 Patents.
- Ivantis's first commercial sale of the Hydrus in the United States was in August of 2018.
- All commercial sales of the Hydrus sold in the United States were of units imported into the United States or made in the United States.
- Ivantis infringes claims 4, 28, 30, and 31 of the '143 Patent.
- The following documents were published, filed, and/or publicly available as of the listed dates:
    - Spiegel 1: 1998.
    - Spiegel 2: June 1999.
    - Stefansson: 1925.
    - Wilcox: 1994.
    - Grieshaber: February 15, 1999.
    - Bergheim: April 14, 2000.
    - Yu: June 1998.

8. Claims and Defenses for the jury trial:

Plaintiff:

(a)   Plaintiff plans to pursue the following claims against Ivantis:

Claim 1:  Infringement of claims 25, 27, 37, 38, 48 of the '858 Patent, including willful infringement.

Claim 2:  Infringement of claims 4, 28, and 30 of the '143 Patent is established, and Plaintiff seeks damages and other remedies for such infringement and a finding of willfulness. Additionally, Plaintiff intends to pursue its claims for infringement of claims 19 and 21 of the '143 Patent, including willful infringement.

(b)   The elements required to establish Plaintiff's claims (addressed more fully in the parties' proposed jury instructions) are:

(1) Glaukos owns the ['858 / '143] Patent, and (2) without permission Ivantis made, used, sold, offered for sale within, or imported into the United States a product that meets or, for those claims and/or elements for which doctrine of equivalents is at issue,[2] is equivalent to all of the requirements of one or more claims of the ['858 / '143] Patent. To establish that Ivantis's infringement was willful, Glaukos must prove

---

[2] Ivantis disputes that Glaukos has adequately preserved its theory of infringement by the doctrine of equivalents. First, of the asserted claims, Glaukos was only granted leave to amend its invalidity contentions to add a doctrine of equivalents theory to asserted claims 37 and 38 of the '858 Patent. Dkt. 574 at 17. Without this amendment, Glaukos had asserted nothing more than a legally inadequate boilerplate doctrine of equivalents disclosure. *See* Dkt. No. 429-57, Ex. B. (Proposed Amendment). Second, counsel for Glaukos represented in meet and confer before summary judgment filings that it was *only* seeking a doctrine of equivalents theory for these two asserted claims (37 and 38 of the '858). See March 19, 2020 Email from L. Glasser ("You indicated that Ivantis intends to move to strike doctrine of equivalents theories, but did not indicate which elements you intend to move on. For clarification, Glaukos is currently only asserting DOE theories for the cross-sectional elements referenced in paragraph 503 of Dr. Myers' report and for the "about" portions limitations."). Ivantis relied on Glaukos's representation when deciding not to file a summary judgment motion on this issue. Glaukos should not be permitted to renege on its representation after Ivantis relied on it. Glaukos has not disclosed or preserved a doctrine of equivalents theory for any claims beyond claims 37 and 38 of the '858 Patent. In any event, Glaukos has offered no expert evidence to support even these claims. To the extent that Glaukos now seeks to asserts a doctrine of equivalents theory as to additional claims in the proposed Pre-Trial Order, Ivantis disputes that such dilatory, unsupported allegations would supersede the pleadings and representations Glaukos made, and Glaukos should be precluded from raising them in the course of trial.

by a preponderance of the evidence that Ivantis knew of the ['858 / '143] Patent, and that Ivantis's infringement was deliberate or intentional.

(c)   In brief, the key evidence Plaintiff relies on for each of the claims is:

- Documents and testimony that Glaukos owns the '858 and '143 Patents.
- Documents and testimony that Ivantis's accused Hydrus Microstent ("Hydrus") meets all the requirements of the Asserted Claims of the '858 and '143 Patents, or performs substantially the same function, in substantially the same way, with substantially the same result as the claim requirements.
- Documents and testimony that Ivantis has made, used, sold, offered for sale within, and imported into the United States the Hydrus.
- Documents and testimony regarding Ivantis's knowledge of the '858 and '143 Patents.
- Documents and testimony regarding Ivantis's intentional or deliberate infringement.
- Documents and testimony that Ivantis did not have, and never sought, permission to practice the '143 or '858 Patents.
- Documents and testimony concerning the value of the '858 and '143 Patents and harm caused to Glaukos by Ivantis's infringement.

Defendant:

(a)   Ivantis disputes that it infringes claims 25, 27, 37, 38, 48 of the '858 Patent and disputes that it infringes claims 19 and 21 of the '143 Patent. Ivantis also disputes that any alleged infringement was willful.  Ivantis denies Glaukos's allegations, will present evidence refuting Glaukos's claims, and plans to pursue the following affirmative defenses: Invalidity of the asserted claims of the '143 and '858 patents (except claim 30 of the '143 patent, as to which infringement is not disputed and for which the Court determined there was insufficient evidence of invalidity on summary judgment).

(b) The elements required to establish Defendant's affirmative defense of invalidity as to the asserted claims of the '858 and '143 patents are:

- The specification fails to disclose the full scope of the claim and each of its limitations;[3,4] or
- One or more of Ivantis's prior art references anticipates the claim; or
- One or more of Ivantis's prior art references, alone or in combination with others, renders obvious the claim.

(c) In brief, the key evidence Ivantis relies on for its affirmative defense of invalidity and infringement defenses is:

---

[3] Glaukos's Position: As discussed in detail in Glaukos's Memorandum of Contentions (Dkt. 805 at 13–16), Ivantis pled this defense, but it was withdrawn and the issue found moot by the court at summary judgment, Dkt. 471 (noting that Ivantis had asserted only two written description theories and that both were withdrawn). Additionally, Ivantis has never asserted any legally viable written description defense and Ivantis never disclosed any such defense pursuant to PR 3-3. This alleged defense thus is not part of the case and cannot be tried. To the extent that Ivantis's reference to this alleged defense is included in the PTC order. Glaukos does not agree that it supersedes the pleadings and governs the course of trial.

[4] Ivantis's Position: Ivantis did not withdraw all of its written description defenses. Glaukos moved for summary judgment only on two of Ivantis's written description defenses. Dkt. 345-1 at 1; Dkt. 471 at 2 (noting that Glaukos only moved for summary judgment on Ivantis's "continuous length" and "*ab interno*" written description defenses). Ivantis withdrew these two defenses and argued that the motion was then moot, but Glaukos filed a reply urging the Court to grant the summary judgment motion and dismiss *all* written description defenses, rather than the two defenses it identified in its motion and that Ivantis withdrew. The Court granted Ivantis leave to file a sur-reply where Ivantis made clear that it was only withdrawing *two* of its written description defenses, and not the third written description defense as described in Dr. Iwach's Supplemental Report. Iwach Supp. Rpt. ¶¶ 23, 37–39, That defense was responsive to a new position taken by Glaukos's expert Dr. Myers regarding asserted claims 25, 27, and 37 of the '858 Patent—late in the case after Glaukos's P.L.R. disclosures—which improperly broadened the claim language to a point where the written description thereof was inadequate. The Court agreed with Ivantis and denied Glaukos's summary judgment motion as moot. Dkt. 471 ("In its sur-reply, Ivantis asserts that Glaukos's reply improperly seeks summary judgment on all written description defenses, where Ivantis only agreed to withdraw the two written description defenses addressed in Glaukos's opening motion. . . . The Court finds that Ivantis's agreement to withdraw its two written-description defenses ("continuous length" and "*ab interno*") renders moot Glaukos's motion). Accordingly, Ivantis's third written description defense responsive to Dr. Myers's late-breaking opinion is still at issue.

- Document and testimony that the specification of the patents fails to disclose the full scope of the asserted claims;[5] and
- Documents and testimony that Ivantis's prior art references anticipate or render obvious, alone or in combination with other references, the asserted claims of the '858 and '143 patents.
- Documents and testimony relating to the state of the prior art from the perspective of a person of ordinary skill in the art as of the time of patenting.
- Documents and testimony that the Hydrus does not meet all the requirements of the Asserted Claims of the '858 and '143 Patents, or perform substantially the same function, in substantially the same way, with substantially the same result as the claim requirements.
- Documents and testimony that Ivantis never willfully infringed the asserted patents.
- Documents and testimony showing that Glaukos's damages assertions are baseless.

9.  In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

- Whether Ivantis infringes claims 19 and 21 of the '143 Patent.
- Whether Ivantis infringes claims 25, 27, 37, 38, 48 of the '858 Patent.
- Whether Ivantis's infringement of claim 30 and any additional infringement found by the jury was willful.
- Whether the specification of the patents adequately discloses the full scope of the asserted claims.[6]

---

[5] *See* footnote 3, above.
[6] *See* footnote 3, above.

- Whether, apart from claim 30 for which the Court determined there was insufficient evidence of invalidity, any of the asserted claims of the '143 Patent are invalid.
- Whether any of the asserted claims of the '858 Patent are invalid.
- For claim 30 of the '143 Patent and in the event of liability on other claims, calculation of any monetary remedies (pre-verdict and post-verdict), including damages and supplemental damages.
- For claim 30 of the '143 Patent and any other claims as to which Ivantis is found liable,[7] determination of pre-judgment interest and costs, as well as all necessary post-trial accounting, post-judgment interest, and ongoing royalties.
- To the extent applicable in a post-trial proceeding, whether a permanent injunction and/or other equitable remedies should be imposed.
- To the extent applicable in a post-trial proceeding, whether this is an exceptional case and, if so, calculation of attorneys' fees.

10. All discovery is complete and all disclosures under Fed. R. Civ. P. 26(a)(3) have been made.

11. The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1. Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits identified in the parties' attached objections. However, each party reserves the right to make context-specific objections under Federal Rules of Evidence 104, 105, 401, 402, and 403, or any other proper basis, to any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is

---

[7] Glaukos notes that it is unlikely to be practical to capture all pre-verdict units in the verdict, since Ivantis's sales continue on a daily basis, and therefore some pre-verdict units would be subject to an award of supplemental damages after trial.

offered. Only exhibits that are admitted at trial will be available to the jury for deliberations.

12. Demonstratives, including any presentation materials such as slides, for opening statements shall be exchanged by 3:00 p.m. the calendar day before opening statements. The parties will exchange objections at 5:00 p.m. that day, and meet and confer concerning those objections at 6:00 p.m. that day.

13. For closing arguments, the parties agree that any exhibit that was used during the trial and moved into evidence, trial transcripts, deposition designations played at trial, or demonstratives previously shown and not subject to outstanding objection during the trial may be shown to the jury during closing arguments without objection.

14. The Court modifies the deadline to exchange demonstratives provided by the Local Rules as follows: the parties will exchange demonstratives to be used with a witness at the same time and following the same schedule as when they exchange direct exhibits, as provided below.

15. Witness Lists of the parties have been filed with the Court. Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment). Both parties reserve all previously stated objections to witnesses.

16. Witness order: The parties will exchange lists of the witnesses (both live witnesses and those called by deposition) they will call, in the order they will be called, by 7:00 p.m. two calendar days before the witness is called. The lists will indicate whether a witness will be called live or by deposition.

17. Fact witnesses will be sequestered, with the exception of each party's corporate representative at trial. Additionally, no counsel will be permitted to confer with witnesses about the substance of their testimony on breaks while on cross examination.

18. Exhibits used on direct: The parties will exchange lists of exhibits to be used during direct examination of a live witness (excluding adverse witnesses) by

7:00 p.m. two calendar days before the witness is called. The parties will exchange objections to exhibits (to the extent the exhibit is not already admitted) by 5:00 pm the following day. The parties shall meet and confer by 6:00 p.m. to address their objections. If any disputes remain following this conference, the parties shall apprise the Court the next morning. Materials to be used solely for impeachment or cross-examination of a witness called by the other party need not be identified in advance.

19. Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7. For this purpose, any depositions the parties intend to present at trial shall be lodged with the Clerk as required by L.R. 32-1.

20. For each witness that a party intends to call by deposition (whether by video or otherwise) that party will provide the other side with a list of final designations that will be read/played by 7:00 p.m. three calendar days before the date the party intends to call such witness by deposition. Objections and final counter-designations should be exchanged by 5:30 p.m. the following day. The parties shall meet and confer to resolve their objections by 6:30 p.m. If any dispute remains after this conference, the parties shall submit their dispute to the Court by no later than 8:30 p.m. in the form of a brief containing no more than 3 pages (double-spaced) from each side and attaching the challenged testimony. Any transcripts of testimony (excluding testimony given during this trial) must have been previously designated by the parties and cleared of outstanding objections before being shown to the jury, except for transcripts of testimony used for impeachment purposes.

21. In addition to specific objections to lines of testimony made at the deposition, and general situation-specific Fed. R. Evid. 403, conditional relevance, and foundation objections, Plaintiff globally objects to the presentation of testimony by deposition on the following grounds:

a. Glaukos objects to use of any depositions of California witnesses or of Ivantis's own witnesses on the grounds that they are not unavailable.

b. Glaukos objects to the use of transcripts from the *Transcend* litigation, as irrelevant, hearsay, and subject to Fed. R. Evid. 403. Additionally, Ivantis has not established that any of the witnesses are unavailable.

c. Glaukos also incorporates by reference its MIL No. 5 (Dkt. 650) regarding witnesses who were not timely disclosed for use at this trial.

d. Glaukos objects to all deposition testimony on topics that the Court has already held is inadmissible (including without limitation testimony relating to non-comparable licenses and testimony regarding post-priority date evidence), or which is subsequently held inadmissible at the Pretrial Conference or otherwise.

e. Glaukos also objects to the presentation of witnesses whose testimony is cumulative or otherwise implicates irrelevance/Fed. R. Evid. 403 concerns beyond those detailed above.

22. In addition to specific objections to lines of testimony made at the deposition, and general situation-specific Fed. R. Evid. 403, conditional relevance, and foundation objections, Defendant globally objects to the presentation of testimony by deposition on the following grounds:

a. Ivantis objects to Glaukos's use of any depositions of California witnesses or Glaukos-affiliated witnesses on the grounds that they are not unavailable and Glaukos has not otherwise justified the use of their deposition transcripts under the Federal Rules of Civil Procedure or Federal Rules of Evidence. Ivantis also objects to Glaukos's use of deposition testimony from Drs. Lynch and Brown because pursuant to their contractual obligations with

Glaukos, those witnesses should be available to Glaukos. The transcripts from the *Transcend* litigation are admissible evidence under Fed. R. Civ. P. 32 and Fed. R. Evid. 801 and 804 for the reasons described in its opposition to Glaukos's Motion in Limine 5. Dkt. 697-4. Namely, all of the challenged witnesses' Transcend depositions are admissible pursuant to (1) Fed. R. Evid. 801(d)(2) as a party admission and via Fed. R. Civ. P. 32(a)(8) which expressly permits the usage of depositions taken in an earlier action and as allowed by the Fed. R. Evid.; (2) Fed. R. Civ. P. 32(a)(3) as the deposition of a party or its officers, director, agent or designee under Rule 30(b)(6); or (3) Fed. R. Civ. P. 32(a)(8), as depositions from an earlier action involving the same subject matter between the same parties, or their representatives or successors in interest.

    b. Ivantis objects to all deposition testimony on topics that the Court has held inadmissible or which is subsequently held inadmissible at the Pretrial Conference or otherwise.

23. For efficiency, the parties have agreed to reserve their other specific objections until the current designations have been narrowed.

24. A party shall provide reasonable notice if for any reason it decides not to call a witness that it had previously indicated on its witness list would appear live. In that event, the other party may designate and offer deposition testimony from such witness to the extent otherwise permitted and admissible. Counter-designations may also be provided. Ivantis has represented that Ken Galt will be unable to testify due to a medical issue and his testimony will be presented by deposition.

25. Depositions may be lodged with the Court by 8:00 p.m. the night before they will be used, rather than in advance of trial. In lieu of lodging originally signed versions of depositions with the Court, the parties may lodge copies of transcripts

electronically, and such lodging will not preclude a particular deposition from being used at the trial unless a party raises an objection that the lodged copy is not a true and accurate copy of the original.

26. The following law and motion matters and motions *in limine*, and no others, are pending or contemplated[8]:

GLAUKOS MOTIONS *IN LIMINE*:

    a. Glaukos Corporation's Motion *in Limine* No. 1 to Exclude All Argument or Evidence Suggesting that the Hydrus Could Be Removed From the Market [Dkt 630];

    b. Glaukos Corporation's Motion *in Limine* No. 2 to Exclude All Argument or Evidence Concerning Arguments Raised During Claim Construction [Dkt 647];

    c. Glaukos Corporation's Motion *in Limine* No. 3 to Exclude Improper Argument and Evidence Regarding Purported Non-Willfullness [Dkt 68];

    d. Glaukos Corporation's Motion *in Limine* No. 4 to Exclude Improper Evidence Purportedly Relating to Invalidity [Dkt 649];

    e. Glaukos Corporation's Motion *in Limine* No. 5 to Exclude Witnesses Not Timely Disclosed – F.R.C.P. 37(c)(1) [Dkt 650];

IVANTIS'S MOTIONS *IN LIMINE*:

    a. Ivantis's Motion *in Limine* No. 1 Regarding Unrelated Patent Proceedings [Dkt 645];

    b. Ivantis's Motion *in Limine* No. 2 to Preclude Misappropriation, Copying, and "Free-Riding" Theories [Dkt 640-11];

---

[8] This list does not include motions typically brought during the course of trial such as motions for directed verdict or motions to sequester witnesses.

     c. [Corrected] Ivantis's Motion *in Limine* No. 3 To Preclude Evidence Concerning Glaukos's Expenditure of Time, Effort, or Investment in Developing its iStent Products [Dkt 655-1];

     d. Ivantis's Motion *in Limine* No. 4 to Preclude Evidence or Argument Regarding Glaukos's Alleged Practice of Unasserted Claims [Dkt 645-2].

27. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause (except as noted above, including in footnotes 2 and 3), unless modified to prevent manifest injustice.

Dated _____, 2021

_____
UNITED STATES DISTRICT JUDGE

Approved as to form and content.

*/s/ Lisa S. Glasser*
Plaintiff Glaukos Corporation

*/s/ Ajay Krishnan*
Defendant Ivantis, Inc.